RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0435P (6th Cir.)
File Name: 03a0435p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

JUAN LEONARDO PAULINO,
*Petitioner-Appellant,*

*v.*

No. 01-6424

UNITED STATES OF AMERICA,
*Respondent-Appellee.*

---

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 89-00016—Karl S. Forester, Chief District Judge.

Argued: August 8, 2003

Decided and Filed: December 10, 2003

Before: BOGGS, Chief Judge; SILER, Circuit Judges;
RICE, District Judge.[*]

---

## COUNSEL

**ARGUED:** Pearson N. Bownas, JONES, DAY, REAVIS &
POGUE, Cleveland, Ohio, for Appellant. Frances E. Catron,

---

[*] The Honorable Walter H. Rice, United States District Judge for the
Southern District of Ohio, sitting by designation.

ASSISTANT UNITED STATES ATTORNEY, Lexington,
Kentucky, for Appellee. **ON BRIEF:** Louis A. Chaiten,
JONES, DAY, REAVIS & POGUE, Cleveland, Ohio, for
Appellant. Frances E. Catron, Jane E. Graham, ASSISTANT
UNITED STATES ATTORNEY, Lexington, Kentucky, for
Appellee.

---

## OPINION

---

WALTER H. RICE, District Judge. In this case, Appellant
asks us to reverse the dismissal of his successive motion to
vacate, set aside or correct sentence, filed pursuant to 28
U.S.C. § 2255. The district court had jurisdiction under 28
U.S.C. § 2255, as authorized by this Court. *See* 28 U.S.C.
§§ 2244(b)(3)(A) & 2255. Our jurisdiction exists under 28
U.S.C. §§ 2253 & 2255. For the reasons which follow, the
district court's order dismissing Appellant's successive
motion will be affirmed.

### I. *Background*

In December, 1989, Appellant was convicted by a jury of
conspiracy, tax evasion, and conducting a continuing criminal
enterprise ("CCE"). The latter offense requires a showing
that the defendant committed a drug violation that was part of
a continuing series of federal criminal drug violations. *See* 21
U.S.C. § 848(c). He was sentenced to 265 months of
imprisonment for conspiracy and the CCE, and 60 months for
tax evasion, the sentences to run concurrently. In 1991, this
Court vacated Appellant's conspiracy conviction, but
otherwise affirmed. *See United States v. Paulino*, 935 F.2d
739 (6th Cir.), *cert. denied*, 502 U.S. 914 (1991). In 1996,
Appellant filed his first § 2255 motion, arguing for the first
time that the trial court erred by failing to instruct the jury that
it must agree unanimously on the predicate offenses that made
up the "continuing series" of drug violations. The district

court overruled his motion, adopting the magistrate judge's recommendation that Appellant had procedurally defaulted on the instruction issue, regardless of the merits of his argument, and had failed to establish cause and prejudice for the default. (J.A. at 130-137, 151-152.)  We affirmed in an order filed on April 30, 1999.  *See* 1999 WL 282672.

In *Richardson v. United States*, 526 U.S. 813, 824 (1999), decided a month after we affirmed the denial of Appellant's first § 2255 motion, the United States Supreme Court "determined that a jury must unanimously agree not only that the defendant committed some 'continuing series of violations,' but also about which specific 'violations' make up that 'continuing series.'" *Murr v. United States*, 200 F.3d 895, 905 (6th Cir. 2000).  In *Murr*, we reviewed *Richardson* and held that the Supreme Court announced in that case a new rule of substantive statutory law which applied retroactively for purposes of collaterally attacking a judgment or sentence. 200 F.3d at 905-06.  Following *Murr,* Appellant herein moved this Court to authorize the district court to consider a successive § 2255 motion, *see* 28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."), contending therein that *Richardson* announced a new rule of constitutional law which should be applied retroactively with regard to his case.  A panel of this Court granted the motion in March of 2000, finding that he had made a prima facie showing that his proposed ground for relief presented a new rule of *constitutional* law that was previously unavailable. (J.A. at 163.)  Following that order, he filed the motion with the district court that is now the subject of this appeal.  In denying him the relief he sought, the district court adopted the report and recommendations of the magistrate judge, who had concluded that any error that did exist was harmless. (J.A. at 197, 219.)  This appeal followed.

II. *Analysis*

In reviewing a district court's denial of a petition filed under § 2255, a court of appeals reviews findings of fact for clear error and conclusions of law *de novo*.  *See Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001).

Permission to file a successive § 2255 motion may be granted by a panel of a court of appeals if the movant makes a prima facie case that it raises "a new rule . . . ."  28 U.S.C. §§ 2244(b)(2)(A) & 2255; *Tyler v. Cain*, 533 U.S. 656, 662 (2001).  Before "a panel of the appropriate court of appeals," a movant need only make a prima facie case that he can satisfy the above-stated requirement.  28 U.S.C. § 2244(b)(3)(C).  The court's decision to certify or not certify a motion to file a successive motion is not appealable and cannot be the subject of a petition for rehearing or a writ of certiorari.  *Id.* §2244(b)(3)(E).  Upon review of the merits of the basis for the successive motion, the district court is required to dismiss the motion "unless the applicant shows that the claim satisfies the requirements of this section."  *Id.* § 2244(b)(4).

The parties are now in agreement that the basis for our decision to certify Appellant's successive motion for consideration by the district court was not, despite Appellant's representations in his motion for certification, based on "a new rule of constitutional law" at all. (Appellant's Br. at 20-22; Appellee's Br. at 15, 17 n.2.) Appellant acknowledges this point because he perceives himself to be on the horns of a dilemma, owing in no small part to the Supreme Court's holding in *Tyler*, 533 U.S. at 662 (decided after this Court's certification of Appellant's successive motion), that it and only it can say when a newly recognized rule of constitutional law is to apply retroactively for purposes of allowing a sentenced defendant to bring a successive collateral attack on his or her sentence. (Appellant's Br. at 20-22.)  Recognizing further that the

*Richardson* Court did not state that the statutory clarification it made in that case was to apply retroactively, such that, under *Tyler*, the rule announced in *Richardson* could not be applied to his case retroactively, despite our statement in *Murr* that it should, Appellant turns about face from the argument he proffered when he moved this Court to certify his successive motion, and argues that *Richardson* was not a constitutional case at all, but was, rather, a case about substantive statutory interpretation. (*Id.* at 20-21.) Supposedly, this argument advances his cause because, of course, the general rule of statutory interpretation is that novel interpretations of substantive statutes always apply retroactively, with the understanding that a statute means what it says from the date of its enactment. *See, e.g.*, *Rivers v. Roadway Express*, 511 U.S. 298, 312-13 (1994); *Murr*, 200 F.3d at 905-06. Thus, Appellant argues, *Murr* remains good law after all, insofar as it held that *Richardson* is to apply retroactively, and that, under *Richardson*, the district court's instructions were erroneous as a matter of substantive, not constitutional, law.[1]

In light of *Richardson*, Appellant is correct that the district court's jury instructions were erroneous.[2] Nevertheless, relief

---

[1] There would be a constitutional issue if there were an allegation that the jury did not need to be unanimous in its verdict. However, as both the Government and Appellant point out in their respective briefs, *Richardson* was not about whether the jury had to be unanimous in finding a continuing criminal enterprise, as no one argued that it did not have to be unanimous. The issue, rather, was whether, under 21 U.S.C. § 848(c), the jury had to be unanimous with respect to the existence of a continuing series of violations generally, or unanimous with respect to the existence of each predicate violation more specifically. As the majority and dissenting opinions in *Richardson* amply show, the case was one of pure statutory interpretation. *Accord Murr*, 200 F.3d at 906 ("*Richardson* involves the substantive construction of a criminal statute.").

[2] The Court need not, and does not, pass on the implications of the error because, for the reasons stated in this opinion, 28 U.S.C. § 2255 does not permit a defendant to base a second or successive motion on

---

under § 2255 is not available at this juncture. 28 U.S.C. § 2244(b)(4) states: "A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." Because Appellant not only acknowledges, but outright emphasizes, that "the requirements" for his obtaining relief in a successive § 2255 motion, to wit: the existence of a new rule of constitutional law, are not met in this case (Appellant's Br. at 20-22), the district court's order dismissing his motion will be affirmed.

Appellant contends in his brief that it makes "no difference" that "*Richardson* may not be best seen as announcing a new rule of constitutional law" (*id.* at 22), and his counsel reiterated the contention on several occasions at oral argument. According to Appellant, the requirement that "a panel of the appropriate court of appeals" certify a successive motion before it can be entertained by the district court is a procedural rule that serves a gate-keeping function, nothing more. Appellant argues that the rule does not have jurisdictional implications, and, furthermore, that once a court of appeals has certified a successive motion, its decision should not be reconsidered. Simply put, Appellant is trying to have it both ways: arguing for purposes of having his successive motion certified that *Richardson* announced a new rule of "constitutional law," while arguing for purposes of getting around *Tyler* and having *Richardson* applied retroactively that *Richardson* announced only a new rule of

---

non-constitutional errors. *See Tyler*, 533 U.S. at 662 (pointing out that a new rule of constitutional law is a prerequisite "to obtaining relief in a second or successive" motion). Obviously, in crafting § 2255 as it is now written, Congress did not find that new rules of statutory law justified successive motions, a fact which no doubt leaves the merits of many first § 2255 motions to timing and chance: a defendant who files his first motion prior to the recognition of a new rule of statutory law will not be able to take advantage of such on a successive motion. In crafting § 2255 as it did, Congress was obviously interested in the principle of finality.

"statutory law." The Court need not fully explore the merits of Appellant's "gate-keeping" proposition because it is beside the point. This Court need not (and does not) find Appellant's earlier mischaracterization of *Richardson* jurisdictional in nature, or reconsider its decision to certify his successive § 2255 motion,[3] for it is enough to note that once his motion came before the district court, his argument for relief proved to be without merit. Regardless of Appellant's burden before this Court to obtain a certificate of authorization for the district court to entertain his successive § 2255 motion, the existence of a new rule of constitutional law is a "prerequisite[] to obtaining relief in a second or successive motion" before the district court. *Tyler*, 533 U.S. at 662.[4] Because he cannot satisfy that prerequisite, the

---

[3] This panel is satisfied that the issue is not jurisdictional. It will frequently be the case that a successive motion, once certified by the appropriate appellate court, will fail on its merits before the district court. Just as a pre-trial, on-the-merits dismissal of a civil complaint does not imply a lack of subject matter jurisdiction in the first instance, the fact that a defendant moving for a successive § 2255 motion ultimately fails to prove the merits of his motion after having first satisfied his prima facie burden before the court of appeals does not imply a retroactive lack of subject matter jurisdiction.

[4] We note also that our statement in *Murr*, that the rule announced in *Richardson* applies retroactively, continues to be sound. As noted, in *Tyler*, the Supreme Court held that only it can say when a new rule of *constitutional law* is to apply retroactively for purposes of raising a successive collateral attack on a sentence or judgment. *Tyler* does not abrogate *Murr*, however, because, as noted herein and acknowledged by both parties, *Richardson* did not announce a new rule of constitutional law. Therefore, *Murr*'s interpretation of *Richardson* is not inconsistent with *Tyler* because *Richardson*, insofar as it announced a new rule of *statutory law*, will never be of assistance to a defendant seeking relief via a successive § 2255 motion, the success of which turns on a new rule of *constitutional law*.

Additionally, *Murr* discussed the retroactive application of a new rule of substantive law for purposes of collaterally attacking a jury instruction via a *first* § 2255 motion. This distinction is also crucial, namely because a first motion, unlike a successive motion, need not be based on a new rule of constitutional law. *Tyler*, of course, discussed the retroactive

district court was correct in dismissing his motion. *See id.* at 661 n.3 (pointing out that even after the court of appeals has certified a successive motion on the basis that the movant has made a prima facie showing that the statutory standard has been satisfied, dismissal is appropriate in the district court if the merits of the successive motion do not ultimately satisfy that same statutory standard).

Appellant argues in the alternative that his motion should be treated as a petition for a writ of habeas corpus, under 28 U.S.C. § 2241. (Appellant's Br. at 25-29.) This argument was only vaguely elaborated upon at oral argument, but it is readily dismissed. 28 U.S.C. § 2255 contains a savings clause which allows an incarcerated individual to apply for a writ of habeas corpus under § 2241 if his remedy under § 2255 appears "inadequate or ineffective to test the legality of the detention." In theory, the fact that *Richardson* did not announce a new rule of constitutional law, such that Appellant is not entitled to relief under a successive § 2255 motion, might have entitled Appellant to relief under § 2241. However, the circuit courts, including our own, have interpreted § 2241 as permitting relief thereunder, in lieu of relief under § 2255, only in those instances where the individual can make a showing of actual innocence. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). Appellant has made no such showing in this case. Actual innocence means factual innocence. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). Appellant makes no such argument that he is actually innocent of conducting a CCE, and the record, as explored by the magistrate judge and the district court below, amply demonstrates that he would not be able to do so.

---

application of a new rule of constitutional law in the context of collaterally attacking a sentence or judgment via a *second or successive* motion. Thus, because (1) *Richardson* only announced a new rule of statutory law, and, in any event, (2) *Murr*'s interpretation of *Richardson* was made in the context of a first § 2255 motion, *Murr* remains good law.

Appellant's reliance on *Bailey v. United States*, 516 U.S. 137 (1995), is misplaced. In *Bailey*, the Supreme Court held that the term "uses," as used in 18 U.S.C. § 924(c)(1), which enhances the sentence of any defendant who "uses" a weapon in the commission of a federal crime of violence or drug trafficking, connotes "active employment." 516 U.S. at 144. In other words, the Court held that the Government, in prosecuting a defendant under § 924(c)(1), must prove more than that the defendant merely possessed a weapon. *Id.* Because *Bailey* abrogated the overly broad definition of "uses" as it had then been interpreted by several of the circuit courts, *see* 516 U.S. at 142, this Court and other circuit courts subsequently recognized that defendants who had previously been sentenced pursuant to 18 U.S.C. § 924(c)(1), on the basis of the erroneous definition, could attack their sentences collaterally in light of *Bailey*, *see In re Hanserd*, 123 F.3d 922, 928 (6th Cir. 1997), and that they could even resort to 28 U.S.C. § 2241 to do so if relief under § 2255 was "inadequate or ineffective." *See id.* at 929-30.

The shortcoming to Appellant's reliance on *Bailey* is that the new rule announced in *Richardson* does not have the same effect as that announced in *Bailey*. In the latter, the rule announced had the effect of rendering many previously sentenced defendants "actually innocent" of the sentencing factor on which their sentences had been based, to wit: it demonstrated that they had not "used" a weapon in the manner contemplated by Congress. The effect of *Richardson* is entirely different. *Richardson* does not render defendants who were convicted of conducting a CCE "not guilty," or "actually innocent," merely because the trial court gave instructions that did not comply with the rule announced therein (as was the case, it appears, at Appellant's trial); at most, it requires a new trial. Had Appellant not defaulted on this issue at trial and on direct appeal, he might have found the relief he was seeking when he raised it in his first § 2255 motion. Be that as it may, he is not entitled to relief on his successive motion for the reasons stated above, and, returning to the immediate point, he is not entitled to relief under

§ 2241 because he has not made a showing that he was actually innocent, a requirement that was not discharged by *Bailey* or its progeny.

Accordingly, even if Appellant's motion were construed as a petition for habeas corpus, 28 U.S.C. § 2241, the order of the district court denying him relief would have to be affirmed.

## III. *Conclusion*

The order of the district court is AFFIRMED.