FILED
United States Court of Appeals
Tenth Circuit

September 21, 2016

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
———————————————

| | |
|---|---|
| In re: RICHARD CLARK, | No. 16-5081 |
| Movant. | (D.C. Nos. 4:14-CV-00565-JHP-PJC & 4:09-CR-00013-JHP-2) (N.D. Okla.) |

———————————————

**ORDER**
———————————————

Before **TYMKOVICH**, Chief Judge, **O'BRIEN** and **GORSUCH**, Circuit Judges.
———————————————

In a previous order, we denied Richard Clark authorization to file a second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *In re Clark*, No. 16-5081, slip op. (10th Cir. July 29, 2016). In that order, we stated that our denial of authorization "'shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.'" *Id.*, slip op. at 3 (quoting 28 U.S.C. § 2244(b)(3)(E)).

Clark has filed a "Petition for Rehearing and for Rehearing En Banc as to Whether 28 U.S.C. § 2244(b)(3)(E) Applies to Denial of Authorization to File Second § 2255 Motion." Section 2244(b)(3)(E) provides: "The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." Clark argues that this statutory bar to filing a rehearing petition does not apply to our denial of

his motion for authorization to file a second or successive § 2255 motion. He asks the court to withdraw its July 29, 2016, order and reissue the order without the language barring his ability to petition for rehearing concerning the denial of authorization.

We first consider whether Clark may file his petition for rehearing. He argues that § 2244(b)(3)(E) does not apply because he is not challenging in his rehearing petition our denial of his request for authorization to file a second or successive § 2255 motion. For this proposition he cites *Castro v. United States*, 540 U.S. 375 (2003). In *Castro*, the Supreme Court construed subsection (b)(3)(E) as applying only when the subject of the relevant filing—in that case, a petition for certiorari—is the denial of a request for authorization. *Id.* at 380. The Court explained that "[t]he 'subject' of Castro's petition is not the Court of Appeals' 'denial of an authorization.' It is the lower courts' refusal to recognize that this § 2255 motion is his first, not his second. That is a very different question." *Id.* (quoting 28 U.S.C. § 2244(b)(3)(E)). The Court emphasized that its construction of subsection (b)(3)(E) was consistent with "the basic principle that we read limitations on our jurisdiction to review narrowly." *Id.* at 381 (internal quotation marks omitted).

We agree with Clark that the subject of his rehearing petition is not our denial of authorization. Presumably, he would file a petition challenging that denial in the event that we were to rule that § 2244(b)(3)(E) does not apply to his case.[1] His current rehearing petition addresses only our application of that subsection to bar him from doing

---

[1] Clark has indicated as much in his rehearing petition. *See* Pet. for Rehearing at 4 n.1.

2

so. We therefore hold that Clark's rehearing petition is not precluded by our order or by § 2244(b)(3)(E) itself.

We now turn to Clark's argument that § 2244(b)(3)(E) is inapplicable to our denial of his motion for authorization under § 2255. He first notes that § 2244 references § 2255 only once, in subsection (a) rather than subsection (b). He also cites decisions distinguishing habeas corpus proceedings from § 2255 motions. *See, e.g.*, *Gonzalez v. Crosby*, 545 U.S. 524, 529 n.3 (2005) (noting that some provisions in § 2255 are similar, but not identical, to portions of § 2244). Clark thus contends that the provisions of § 2244, and specifically subsection (b)(3)(E), apply only to second or successive habeas corpus applications.[2]

We are not persuaded. For more than a decade this court has applied § 2244(b)(3)(E) in denying authorization to file a second or successive § 2255 motion. *See, e.g.*, *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004) (per curiam). Other circuits have applied subsection (b)(3)(E) in this context as well. *See In re Bradford*, __ F.3d __, 2016 WL 4010437, at *2-3 (11th Cir. July 27, 2016) (per curiam); *Pagan-San Miguel v. United States*, 736 F.3d 44, 46 n.1 (1st Cir. 2013) (per curiam); *United States v. Wyatt*, 672 F.3d 519, 524 (7th Cir. 2012); *Paulino v. United States*, 352 F.3d 1056, 1058 (6th Cir. 2003); *United States v. Villa-Gonzalez*, 208 F.3d 1160,

---

[2] We note that the Supreme Court held in *Castro* that § 2244(b)(3)(E) did not bar a petition for certiorari in that case, which involved a federal prisoner seeking relief under § 2255. But *Castro* had not sought authorization to file a second or successive § 2255 motion, and the question presented here—whether subsection (b)(3)(E) is inapplicable to *all* denials of motions for authorization in § 2255 cases—was not raised or decided in that case. *See* 540 U.S. at 379-81.

3

1164 (9th Cir. 2000) (per curiam); *Triestman v. United States*, 124 F.3d 361, 367 (2d Cir. 1997). Clark does not cite, nor have we found, any case holding that subsection (b)(3)(E) does not apply in § 2255 proceedings.

While we have consistently applied § 2244(b)(3)(E) to denials of motions for authorization under § 2255, we have not explained our reasoning for doing so. The answer is found in the text of § 2255, which provides that "[a] second or successive motion *must be certified as provided in section 2244* by a panel of the appropriate court of appeals" as satisfying one of the requirements in § 2255(h). 28 U.S.C. § 2255(h) (emphasis added). Thus, § 2255(h) explicitly incorporates the certification process in § 2244. We alluded to this in *Browning v. United States*, 241 F.3d 1262, 1263 (10th Cir. 2001) (stating that a different subsection of § 2244(b)(3) is "made applicable to federal prisoners by section 2255[(h)]"). And other courts have cited § 2255's reference to § 2244 as the basis for applying certain provisions of § 2244 in the context of motions for authorization under § 2255. *See, e.g.*, *In re Vassell*, 751 F.3d 267, 269 (4th Cir. 2014) (stating that § 2255(h) "incorporates the prefiling authorization procedure established in § 2244 for state prisoners' second or successive habeas corpus applications"); *Villa-Gonzalez*, 208 F.3d at 1164 (stating that § 2255 "expressly incorporates the procedures for certification of the filing of a second or successive motion set forth in section 2244"). We hold that § 2244(b)(3)(E) is part of the certification process in § 2244 that is incorporated by § 2255(h).[3]

---

[3] As some of our sister circuits have noted, § 2255(h) does not specify which provisions of § 2244 are incorporated in § 2255. *See, e.g.*, *Triestman*, 124 F.3d at 367;

4

Clark has not identified any point of law or fact that this court has overlooked or misapprehended in applying 28 U.S.C. § 2244(b)(3)(E) in this case. *See* Fed. R. App. P. 40(a)(2). Because we have denied Clark authorization to file a second or successive § 2255 motion, § 2244(b)(3)(E) precludes him from filing a petition for rehearing concerning our denial of authorization.

The petition for panel rehearing is denied. The petition for rehearing en banc was transmitted to all of the judges of the court who are in regular active service. As no member of the panel and no judge in regular active service on the court requested that the court be polled, that petition is also denied.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

---

*Reyes-Requena v. United States*, 243 F.3d 893, 897 (5th Cir. 2001). We have not applied every subsection of § 2244 to motions for authorization under § 2255. For example, we have held that there are crucial differences between § 2244(b)(2)(B)(ii) and § 2255(h)(1), which define similar, but not identical, bases for a court to authorize a second or successive habeas petition or § 2255 motion. *See Case v. Hatch*, 731 F.3d 1015, 1034-35 (10th Cir. 2013). But in addition to § 2244(b)(3)(E), we have applied other aspects of § 2244's certification process in deciding motions for authorization under § 2255. *See Leonard*, 383 F.3d at 1147 (applying the requirement in subsection (b)(3)(A) that a prisoner must first move for authorization in the appropriate court of appeals before seeking relief in the district court); *United States v. Avila-Avila*, 132 F.3d 1347, 1349 (10th Cir. 1997) (per curiam) (applying the requirement in subsection (b)(3)(C) that a movant must make a prima facie showing that he satisfies the criteria for authorization of a second or successive motion under § 2255); *Browning*, 241 F.3d at 1263 (applying the hortatory requirement in subsection (b)(3)(D) that a court should grant or deny authorization within 30 days).