**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JOHN PARKER MURPHY,

     Defendant-Appellant.

No. 17-8010

_____

**Appeal from the United States District Court**
**for the District of Wyoming**
**(D.C. Nos. 2:16-CV-00084-SWS and 1:08-CR-00081-CAB-1)**
_____

Meredith B. Esser, Assistant Federal Public Defender (and Virginia L. Grady, Federal Public Defender, with her on the briefs), Denver, Colorado, for Defendant-Appellant.

Jason M. Conder, Assistant United States Attorney (and John R. Green, Acting United States Attorney, with him on the briefs), Lander, Wyoming, for Plaintiff-Appellee.
_____

Before **MATHESON**, **KELLY**, and **BACHARACH**, Circuit Judges.
_____

**KELLY**, Circuit Judge.
_____

     Defendant-Appellant John Parker Murphy appeals from the district court's

dismissal of his second motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

On appeal, Mr. Murphy argues that his sentence should be vacated in light of Johnson

v. United States, 135 S. Ct. 2551 (2015). We have jurisdiction under 28 U.S.C.

§§ 1291 and 2255(d), and we affirm because Mr. Murphy was sentenced under the ACCA's enumerated offense clause rather than its residual clause.

**Background**

In 2008, Mr. Murphy pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 15 years' imprisonment and 5 years' supervised release. Under 18 U.S.C. § 924(a)(2), being a felon in possession of a firearm is ordinarily punishable by a maximum of 10 years' imprisonment. Pursuant to the Armed Career Criminal Act (ACCA), though, Mr. Murphy received a sentencing enhancement under § 924(e)(1), which provides for a minimum of 15 years' imprisonment, because he had three previous convictions for violent felonies. Specifically, the Presentence Investigation Report (PSR) advised that Mr. Murphy's previous convictions for burglary (two in Oregon and one in Wyoming) were "burglaries" within the meaning of § 924(e), as defined by Taylor v. United States, 495 U.S. 575 (1990). Mr. Murphy did not object to the PSR, and the government and Mr. Murphy agreed at his sentencing hearing that he was eligible for the ACCA enhancement because his previous convictions matched Taylor's definition of burglary. He did not appeal from his conviction or sentence.

In 2009, Mr. Murphy filed his first § 2255 motion, alleging that his counsel provided ineffective assistance by not objecting to the classification of his burglary convictions as violent felonies. Mr. Murphy argued that he would not have received the ACCA enhancement had his counsel objected and urged the sentencing court to

2

apply the categorical approach outlined in <u>Taylor</u> to determine if his previous convictions matched the generic definition of burglary.  The district court denied his motion on the grounds that his previous convictions matched <u>Taylor</u>'s definition of burglary because in all three, "he made an unlawful or unprivileged entry into a building or structure, with the intent to commit a crime therein."  2 R. 29.  Mr. Murphy did not appeal from the district court's denial of his motion.

In 2016, after <u>Johnson</u> invalidated the ACCA's residual clause, we authorized Mr. Murphy to file a second § 2255 motion.  Mr. Murphy's argument that his sentence should be vacated is as follows: (1) the state statutes for his previous convictions are broader than the generic definition of burglary, therefore he could not have been sentenced under the ACCA's enumerated offense clause; (2) if he was not sentenced under the enumerated offense clause, he must have been sentenced under the residual clause; (3) <u>Johnson</u> invalidated the residual clause, therefore his sentence should be vacated.

The district court found that Mr. Murphy's argument failed at the first step because "the record is clear that Murphy's ACCA enhancement was based upon the enumerated offenses clause — not the residual clause."  1 R. 197.  As <u>Johnson</u> invalidated only the residual clause of the ACCA, the district court reasoned that Mr. Murphy "cannot use <u>Johnson</u> as a basis for filing a second petition" and that he therefore "failed to satisfy § 2255(h)'s criteria for filing a second or successive motion."  <u>Id.</u> at 198.  It consequently dismissed Mr. Murphy's motion but granted a certificate of appealability on the issue.

3

**Discussion**

This appeal raises two issues: (1) the gatekeeping requirements that a second or successive habeas motion must meet before its merits can be considered and (2) whether Mr. Murphy's motion meets those requirements.

A.     Section 2255(h)'s Gatekeeping Requirements

Under § 2255(h)(2), a second or successive habeas motion must be certified — as provided in 28 U.S.C. § 2244 — by a court of appeals to contain a previously unavailable new rule of constitutional law that the Supreme Court has made retroactively applicable to cases on collateral review. Section 2255(h) does not specify which aspects of § 2244's certification process it incorporates, but we have applied most of § 2244(b)(3)'s requirements to second or successive § 2255 motions. See In re Clark, 837 F.3d 1080, 1083 & n.3 (10th Cir. 2016). This includes § 2244(b)(3)(C)'s provision that, to receive certification, a motion need only make a prima facie showing that it satisfies § 2255's criteria. United States v. Avila-Avila, 132 F.3d 1347, 1349 (10th Cir. 1997).

A motion "contains" a new rule of constitutional law, as required by § 2255(h)(2), if the claim for which authorization is sought "relies on" the new rule. In re Encinias, 821 F.3d 1224, 1225 n.2 (10th Cir. 2016). Johnson announced a new constitutional rule (that the ACCA's residual clause is unconstitutionally vague) that was made retroactively applicable to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1264–65 (2016). As Mr. Murphy's § 2255 motion alleged

4

that his ACCA sentence is no longer valid under Johnson, we concluded that Mr. Murphy made the required prima facie showing to file a second or successive § 2255 motion in the district court. Cf. United States v. Snyder, 871 F.3d 1122, 1126 (10th Cir. 2017) (ruling that, to be timely, "a § 2255 motion need only 'invoke' the newly recognized right, regardless of whether or not the facts of record ultimately support the movant's claim"). Thus, Mr. Murphy's motion passed through § 2255(h)'s "first gate." See Bennett v. United States, 119 F.3d 468, 469–70 (7th Cir. 1997).

The district court noted that our determination was preliminary and that, pursuant to § 2244(b)(4), "[o]nce the court of appeals grants authorization, the district court must determine whether the petition does, in fact, satisfy the requirements for filing a second or successive motion before the merits of the motion can be considered." 1 R. 195. This is § 2255's "second gate," see Bennett, 119 F.3d at 470, and the district court dismissed Mr. Murphy's motion at this stage. We apply a similar gatekeeping process in the context of second or successive § 2254 applications, see Case v. Hatch, 731 F.3d 1015, 1030 (10th Cir. 2013), but have not ruled on its applicability to second or successive § 2255 motions. Our sister circuits have agreed with the Seventh Circuit's decision in Bennett v. United States, 119 F.3d 468 (7th Cir. 1997), and have ruled that § 2244(b)(4) applies to second or successive § 2255 motions. See Johnson v. United States, 720 F.3d 720, 720–21 (8th Cir. 2013); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003); Reyes-Requena v. United States, 243 F.3d 893, 899 (5th Cir. 2001); United States v. Villa-Gonzalez, 208 F.3d 1160, 1164–65 (9th Cir. 2000). We follow suit and conclude that a second

or successive § 2255 motion must pass through two gates before its merits can be considered: (1) a prima facie showing to the court of appeals that the motion satisfies the requirements of § 2255(h), defined as "a sufficient showing of possible merit to warrant a fuller exploration by the district court," Bennett, 119 F.3d at 469, and (2) a determination by the district court that the petition does, in fact, satisfy those requirements.[1]

B.      Mr. Murphy's Johnson Claim

We review the dismissal of a § 2255 motion de novo. Snyder, 871 F.3d at 1125. On review, Mr. Murphy's motion does not satisfy the requirements for filing a second or successive habeas motion. "[A] claim does not 'rely' on [Johnson] if it is possible to conclude, using both the record before the sentencing court and the relevant background legal environment at the time of sentencing, that the sentencing court's ACCA determination did not rest on the residual clause." Id. at 1129 (second alteration in original) (quoting United States v. Geozos, 870 F.3d 890, 896 (9th Cir. 2017)). Here, the record and relevant background legal environment at the time of

---

[1] The Ninth Circuit has noted that "in the context of a [§] 2255 motion, the phrase 'the requirements of this section' in [§] 2244(b)(4) refers to the requirements set out in [§] 2255, not [§] 2244(b)(2)." Villa-Gonzalez, 208 F.3d at 1164 n.4. As "contains" means "relies on," In re Encinias, 821 F.3d at 1225 n.2, the requirements of §§ 2255(h)(2) and 2244(b)(2)(A) appear to be identical. This is not true for §§ 2255(h)(1) and 2244(b)(2)(B), which contain "crucial differences." In re Clark, 837 F.3d at 1083 n.3. Here, the parties did not brief the issue of which section "this section" refers to, addressing it only at oral argument. As it does not affect the outcome of Mr. Murphy's appeal, we need not decide the issue today. See In re Home & Family, Inc., 85 F.3d 478, 481 (10th Cir. 1996).

6

sentencing demonstrate that Mr. Murphy was sentenced under the enumerated offense clause.

Burglary is one of the offenses enumerated in § 924(e)(2)(B)(ii), and Mr. Murphy's PSR noted that he had been convicted of three prior burglary offenses. The PSR even specified that Mr. Murphy's burglary convictions fell within the meaning of "burglary" for the purposes of the ACCA enhancement, citing Taylor. And at the sentencing hearing, all parties agreed that Mr. Murphy's previous convictions matched Taylor's definition of burglary. Additionally, the phrase "residual clause" was not mentioned at all in the PSR or during sentencing, which suggests that the sentencing court did not rely on it. See Snyder, 871 F.3d at 1128. Altogether, the record establishes that Mr. Murphy was sentenced under the enumerated offense clause.

Furthermore, given how courts applied Taylor at the time of Mr. Murphy's sentencing, there would have been no need to rely on the residual clause. See id. at 1129–30, 1129 n.4 (noting that, prior to Mathis v. United States, 136 S. Ct. 2243 (2016), "it would have been permissible for the district court to examine the underlying charging documents and/or jury instructions to determine if [the defendant] was charged only with burglary of buildings"). Here, his indictments reveal that in each of his previous convictions, Mr. Murphy was charged with unlawful entry into a building (and not, say, a vehicle) with intent to commit a crime, which matches the elements of generic burglary. See Taylor, 495 U.S. at 599. In light of the relevant background legal environment, then, Mr. Murphy's burglary

7

convictions would have fallen within the scope of the ACCA's enumerated offense clause. See Snyder, 871 F.3d at 1129. Because the record and relevant background legal environment demonstrate that the sentencing court's ACCA determination did not rest on the residual clause, Mr. Murphy's habeas claim does not rely on Johnson and therefore does not contain a previously unavailable new rule of constitutional law.

Mr. Murphy argues that his continued incarceration violates due process because he is no longer statutorily eligible for his sentence, but Mr. Murphy's motion contains no previously unavailable new rule of constitutional law that would invalidate his sentence under the enumerated offense clause. Essentially, Mr. Murphy raises a poorly disguised Taylor claim rather than a true Johnson claim. See id. at 1130. This claim was not previously unavailable; in fact, Mr. Murphy (unsuccessfully) argued in his first § 2255 motion that his previous convictions were not violent felonies under Taylor. Accordingly, the district court correctly dismissed his second § 2255 motion.

AFFIRMED.