NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0678n.06

No. 16-2296

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Dec 08, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| TIMOTHY DANIELS, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

**BEFORE: BOGGS, WHITE, and DONALD, Circuit Judges.**

PER CURIAM. Defendant-Appellant Timothy Daniels pleaded guilty to possession of a weapon in a federal court facility, 18 U.S.C. § 930(e)(1), criminal contempt of court, 18 U.S.C. § 401(3), and obstruction of justice, 18 U.S.C. § 1503. The district court sentenced Daniels to 120 months' imprisonment, forty-two months above the United States Sentencing Guidelines' advisory range. Daniels appealed, challenging the district court's failure to state on the record a reason for its above-guidelines sentence or whether the sentence was the result of a departure or a variance. We held that "the district court's failure to state in open court its reason for imposing an above-Guidelines sentence was procedurally unreasonable," and "VACATE[D] Daniels' sentence and REMAND[ED] for resentencing." *United States v. Daniels*, 641 F. App'x 481, 492 (6th Cir. 2016).

On remand, the district court interpreted the scope of our remand narrowly:

THE COURT: [W]hat the Sixth Circuit has said is the reasons have to be pronounced here in court. And that's what I'm going to do to arrive at the same sentence . . . .

(R. 40, PID 174–75.) Defense counsel objected "to proceeding by simply reading into the record the reasons that the court would have done last time" because Daniels should be "allowed to present his side of the circumstances." (*Id.* at 179.) The district court disagreed, believing it was "simply directed to place in open court its reasons for getting to the sentence as just announced." (*Id.* at 180.) This appeal followed.

We review the scope of a remand de novo. *United States v. Orlando*, 363 F.3d 596, 600 (6th Cir. 2004).

> In this circuit, the criteria to establish a limited versus general remand are well settled and, pursuant to 28 U.S.C. § 2106, appellate courts have broad discretion in defining the scope of a given remand. *See* [*United States v.*] *Campbell*, 168 F.3d [263,] 265 [(6th Cir. 2012)] (citing *United States v. Moore*, 131 F.3d 595, 597 (6th Cir. 1997)). A limited remand must "explicitly outline the issues to be addressed by the district court and create a narrow framework within which the district court must operate. General remands, in contrast, give district courts authority to address all matters as long as remaining consistent with the remand." *Id*. at 265 (citation omitted). A "majority of the circuits that have spoken on this issue, including this one, follow a basic rule that a district court can review sentencing matters de novo unless the remand specifically limits the lower court's inquiry." *Id*. Further, "in light of the general principle of de novo consideration at resentencing, this court should leave no doubt in the district judge's or parties' minds as to the scope of the remand. The language used to limit the remand should be, in effect, unmistakable." *Id*. at 268.

*United States v. Obi*, 542 F.3d 148, 153–54 (6th Cir. 2008).

Our remand was not "unmistakably" limited. The opinion did not limit the scope of the district court's sentencing authority on remand, nor did we create a narrow framework within which the district court was required to operate on remand. Although we explained that a remand was warranted "[b]ecause the district court did not address the departure or the reasons for it at sentencing," *Daniels*, 641 F. App'x at 482, this was the *reason* for our remand, not, as the government argues, a *limitation* on it. Thus, a remand for de novo resentencing is warranted.

Daniels additionally requests that we "order reassignment to a different district judge." (Appellant Br. 12.) We have authority to order the reassignment of a case to a different district court judge on remand pursuant to 28 U.S.C. § 2106. To determine whether reassignment is necessary, we consider:

> (1) whether the original judge would reasonably be expected to have substantial difficulty in putting out of his or her mind previously expressed views or findings; (2) whether reassignment is advisable to preserve the appearance of justice; and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

*Solomon v. United States*, 467 F.3d 928, 935 (6th Cir. 2006) (citing *Sagan v. United States*, 342 F.3d 493, 501 (6th Cir. 2003)). The authority to order reassignment "is an extraordinary power and should be rarely invoked. . . . Such reassignments should be made infrequently and with the greatest reluctance." *Armco, Inc. v. United Steelworkers of Am., AFL-CIO, Local 169*, 280 F.3d 669, 683 (6th Cir. 2002) (citation omitted). Here, Daniels argues that the district court demonstrated a "lack of receptivity to defense counsel's arguments" because it was "unwilling[] to reconsider [its] view of" Daniels. (Appellant Br. 25-26.) We disagree. The district court declined to hear argument because it believed that our remand was limited to explaining to Daniels in open court the previously selected sentence. Nothing in the record suggests that the district court will have difficulty in putting aside its previously expressed views or findings in the face of additional arguments or information. Thus, we decline to reassign the case to a different district judge.

Accordingly, we **VACATE** Daniels's sentence and **REMAND** for a de novo resentencing.