RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 18a0185p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

No. 18-5318

MATTHEW OTIS CHARLES,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 3:96-cr-00051-1—Aleta Arthur Trauger, District Judge.

Decided and Filed: August 23, 2018

Before: GIBBONS, SUTTON, and WHITE, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** Mariah A. Wooten, Michael C. Holley, OFFICE OF THE FEDERAL PUBLIC
DEFENDER, Nashville, Tennessee, for Appellant. Cecil W. VanDevender, UNITED STATES
ATTORNEY'S OFFICE, Nashville, Tennessee, for Appellee.

_____

## OPINION

_____

SUTTON, Circuit Judge. Matthew Charles moved for and received a sentence reduction
under 18 U.S.C. § 3582(c)(2). The government appealed, and we reversed, instructing the
district court to enter an order rejecting Charles' § 3582(c)(2) motion. The court did just that and
reimposed Charles' original sentence. Because the district court did not err in following these
directions, we affirm.

A jury convicted Charles on drug and weapons charges in 1996. He received a sentence of 35 years. After making several collateral attacks on his conviction and sentence, all fruitless, Charles moved successfully for a sentence reduction under § 3582(c)(2) in the aftermath of the Sentencing Commission's change to the crack cocaine guideline. He received a new sentence of 24 years and 4 months.

The government appealed and we reversed. As a career offender, we held, Charles was ineligible for the reduction. We remanded the case to the district court to enter an order rejecting the § 3582(c)(2) motion. *United States v. Charles*, 843 F.3d 1142, 1147 (6th Cir. 2016). The district court reimposed Charles' original sentence of 35 years.

On appeal, Charles argues that the district court misread our decision. Instead of "silently compelling" the reimposition of his original sentence, he claims, our decision gave the district court "the opening to correct an illegality" through a new sentencing. Appellant's Br. 15. But there was no silence, and there was no opening.

There was no silence because the order spoke clearly. After reversing the sentence reduction, we remanded the case to the district court "for purposes of entering an order that rejects Charles' § 3582(c)(2) motion." *Charles*, 843 F.3d at 1147. That language was clear.

There was no opening either, as a few principles of sentencing law establish. One principle, suggested above, is that a district court must respect the scope of the remand. *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999). This remand was quite limited, permitting the trial court only to enter an order denying the § 3582(c)(2) motion. That left the court no room to reconsider other features of Charles' original sentence.

Another principle is that § 3582(c)(2) presents a narrow exception to the general rule that a district court may not modify a final sentence. Charles sought the benefit of this exception in 2013 when he asked for a reduction. But § 3582(c)(2) limits who is eligible for relief. As a career offender, Charles turned out to be ineligible, as our last decision confirmed. *See Charles*, 843 F.3d at 1144–45; *see also* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B). Having provided a few exceptions to the rule of finality in sentencing, § 3582(c)(2) does not throw open the door to permit a full resentencing. It cracks the door to allow the sentencing court to reduce a

sentence based on an amended guideline that the Commission has made retroactive.  18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(b)(1).  A defendant in a § 3582(c)(2) proceeding thus may not "take advantage of any changes" in the law that occurred in the years after his original sentencing, be they "retroactive or not."  *United States v. Blewett*, 746 F.3d 647, 657 (6th Cir. 2013).

Any other approach would make little sense.  All agree that an inmate entitled to a sentencing reduction under § 3582 is not entitled to a plenary resentencing proceeding.  *See Dillon v. United States*, 560 U.S. 817, 825–26 (2010).  But under Charles' theory, the limitations applicable to inmates who are *eligible* for relief would not apply to inmates who are *ineligible* for relief.  Congress deserves more credit than to have created such a paradox.

Charles counters that, even if the district court did what we asked in reimposing the original sentence, that sentence is "illegal[]" due to intervening case law.  Appellant's Br. 15. But Charles' sentence is not "illegal," at least not in a way that permits relief by the courts from this final sentence.  At Charles' original sentencing in 1996, it is true, the judge—rather than a jury—found sufficient evidence to hold him accountable for trafficking over 200 grams of crack cocaine, and sentenced him to 35 years on that basis.  *United States v. Charles*, 138 F.3d 257, 267–68 (6th Cir. 1998).  Without the court's drug-quantity finding, it is also true, Charles would have been eligible for a maximum sentence of just 20 years.  And since then, it is finally true, the Supreme Court has established that facts elevating a crime's maximum penalty, *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), or minimum penalty, *Alleyne v. United States*, 570 U.S. 99, 103 (2013), must be found by a jury beyond a reasonable doubt.  But that does not mean that *Apprendi* and *Alleyne* apply to final sentences like this one.  They do not.  *See In re Mazzio*, 756 F.3d 487, 490–91 (6th Cir. 2014) (holding that *Alleyne* is not retroactive); *Goode v. United States*, 305 F.3d 378, 383–85, 383 n.8 (6th Cir. 2002) (holding that *Apprendi* is not retroactive).

Charles tries to sidestep this conclusion by characterizing *Apprendi* and *Alleyne*, and their application to drug quantities for § 841 offenses like his, as a change in *statutory interpretation*. No doubt, some new constructions of criminal statutes apply retroactively, the idea being that the same words should be regarded as meaning the same thing from the outset.  *Paulino v. United States*, 352 F.3d 1056, 1059 (6th Cir. 2003).  But *Apprendi* and *Alleyne* are constitutional cases,

as we have made clear before. *United States v. Dado*, 759 F.3d 550, 570 (6th Cir. 2014). In *Dado*, after laying out *Alleyne*'s constitutional rule, we explained that "drug quantity is an element of the offense in § 841, since its effect is to increase the maximum penalty. . . . Following *Alleyne*, a jury must find [the relevant drug quantity] beyond a reasonable doubt" under the Sixth Amendment. *Id.* That ruling turned on the Constitution, not a statute.

Charles persists that 18 U.S.C. § 3742(g) requires the district court to resentence "in accordance with section 3553." Through this reference to § 3553(a)(3) and its requirement that courts consider all available sentencing options, he maintains, § 3742(g) shows that the court may not impose a new sentence outside the statutory penalty range. That is not accurate. Section 3742(g) requires compliance with § 3553 where § 3553 applies, namely if the district court conducts a full-scale resentencing. Although § 3742(g) sometimes requires a full resentencing on remand, that is not always the case. And it was not the case here, particularly in view of our instruction to enter a single order denying a § 3582(c)(2) motion and in view of § 3742(g)'s directive that resentencings must be consistent "with such instructions as may have been given by the court of appeals." The court did precisely that.

Charles, last of all, invokes 28 U.S.C. § 2106, which grants authority to federal courts to vacate judgments and remand for entry of appropriate judgments and proceedings "as may be just under the circumstances." He points to an instance in which one of our sister circuits, faced with an improperly amended sentence, not only vacated that attempt but also instructed the district court to "refashion" the *original* sentence on remand. *United States v. Burd*, 86 F.3d 285, 288–89 (2d Cir. 1996). That was not an everyday occurrence. The Second Circuit's application of § 2106 turned on the reality that Burd's original sentence was illegal when imposed, prompting the government to concede the necessity of a new sentence. No such problem and no such concession occurred here.

The federal courts thus may not provide relief for Charles. Yet two district judges, the Assistant United States Attorney—and now three appellate judges—have been impressed by his rehabilitation after more than 20 years of incarceration. Charles has maintained a spotless record while incarcerated. He has earned his GED and pursued college coursework. On supervised release, he has held a job, volunteered frequently, and earned noteworthy testimonials from his

supervisors in both settings.  As both of the district judges who have reviewed this case noted, Charles has "better[ed] himself and position[ed] himself to return to society" since he entered prison at age 30.  R. 201-1 at 3.  We recognize that Charles has achieved "[a]n extraordinary record," not only of rehabilitation but of "good works."  R. 245 at 5, 6.  Executive clemency provides Charles another avenue for relief.

We affirm.