NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0603n.06

No. 19-3594

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Oct 23, 2020
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| ANDREW DAVISON, | ) | COURT FOR THE |
| | ) | NORTHERN DISTRICT OF |
| Defendant-Appellant. | ) | OHIO |
| | ) | |

BEFORE:     BATCHELDER, MOORE, and ROGERS, Circuit Judges

ROGERS, Circuit Judge.  This is the second time Andrew Davison has been before this court challenging his sentence for felony gun possession.  Last year, we agreed with Davison that the district court erred in applying a crime of violence enhancement to Davison's base offense level, and we issued a limited remand for resentencing.  On remand, Davison presented new arguments related to his criminal history score, which the district court rejected as exceeding the scope of the mandate.  Davison appeals, raising various challenges to the procedural and substantive reasonableness of his sentence.  His arguments do not warrant reversal.  The limited mandate precluded the district court from considering arguments related to Davison's criminal history score, and the district court did not otherwise abuse its discretion in sentencing Davison within the applicable Guidelines range.

In March 2016, Davison was indicted in the United States District Court for the Northern District of Ohio for felony gun possession, in violation of 18 U.S.C. § 922(g)(1); possession with

the intent to distribute a Schedule II narcotic drug controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and possession with intent to distribute a Schedule I narcotic drug controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D). The Government dismissed the drug possession charges and proceeded to trial only on the felony gun possession count. After the jury trial, Davison was convicted on the charge of unlawful weapons possession.

At sentencing, the district court concluded that one of Davison's prior convictions was a crime of violence under U.S.S.G. § 4B1.2. The court accordingly determined Davison's base offense level to be 20 (instead of 14). The court then applied two other enhancements: a four-level enhancement under U.S.S.G. § 2K2.1(b)(6) for possessing a firearm in connection with a felony drug-related offense and a two-level enhancement for obstruction of justice. This brought the base offense level to 26, which corresponded to a Guidelines range of 110 to 137 months' imprisonment. The court sentenced Davison to 120 months, the statutory maximum. Davison timely appealed.

In 2019, this court affirmed in part and reversed in part. *See generally United States v. Davison* ("*Davison I*"), 766 F. App'x 232 (6th Cir. 2019). We concluded that under intervening case law, Davison's prior conviction for attempted felonious assault was not a crime of violence. *Id.* at 235. We also heard and rejected Davison's other challenges, which included arguments that the district court erred in applying a four-level sentencing enhancement for possession of a firearm in connection with drug trafficking and a two-level sentencing enhancement for attempting to obstruct justice. *Id.* at 238–39. We reversed the enhancement for a crime of violence and issued a "limited remand so that the district court may resentence Davison without the crime-of-violence enhancement." *Id.* at 240.

On remand, Davison objected with respect to an issue that he had not properly raised before: the district court's calculation of a two-point increase in his criminal history score under U.S.S.G. § 4A1.1 based on a prior conviction in 2005. The district court expressed its concern that it lacked the authority to revisit the criminal history score and concluded that the prior conviction should be included as part of Davison's score. The court then sentenced to Davison to 66 months' imprisonment, which falls below the midpoint of the Guidelines range of 63–78 months. Davison appeals again, arguing that the district court erred by construing the remand so narrowly and that the sentence was procedurally and substantively unreasonable.

Davison's primary argument on appeal, that he was entitled to a lower criminal history score, was properly determined by the district court to be outside the scope of our limited remand.

First of all, as the parties agree, the remand was limited. It meets the requirement that a limited remand must clearly "articulate a framework for the proceedings on remand or otherwise limit the district court's inquiry . . . in unmistak[]able terms. *United States v. Gibbs*, 626 F.3d 344, 351 (6th Cir. 2010). The remand order here did just that. The court not only expressly designated the remand as limited, but it also explained that the remand was "so that the district court may resentence Davison without the crime-of-violence enhancement." *Davison I*, 766 F. App'x at 240. Contrary to Davison's argument that this only explains the reason for the remand, this instruction delineated precisely what the district court was to do: remove the enhancement and sentence in light of the new base offense level. To further eliminate doubt about just how narrow the scope of remand was, we included a parenthetical explaining that while "a discrete issue has caused the need for review, . . . *complete reconsideration on resentencing is unnecessary and unwarranted*." *Id.* at 240 (emphasis added) (citing *United States v. Campbell*, 168 F.3d 263, 266 (6th Cir. 1999)).

Second, the issue that Davison sought unsuccessfully to raise before the district court—error in the calculation of the criminal history score—was facially outside the scope of the limited remand. Our order made clear the limited scope of our mandate. The invocation of the word "limited," along with the instruction that the district court remove the crime-of-violence enhancement and apply the upheld enhancements, provided the necessary framework explaining how the district court should proceed. The remand by its terms did not extend to issues antecedent to what the sentence should be once we modified the base offense level, which corresponded to a specific Guidelines range. In other words, the remand did not permit the consideration of other challenges to the Guidelines range.

This conclusion is supported by the overall language of our opinion, in particular the language precluding the need for "complete reconsideration on resentencing." Davison recognizes, as he must, that the mandate limited "certain aspects of the sentence . . . from reconsideration" but does not explain how permitting a separate challenge to the Guidelines range would not by analogy open up a "complete reconsideration on resentencing." He also relies on our language telling the district court to "sentence Davison anew on remand." *Id.* at 235 n.1. But that language does not expand the remand to new issues regarding the Guidelines range. The sentence was in a footnote in the court's introduction of our opinion, where we summarized the court's holdings to the various challenges.[1] We made clear that we would resolve the "two

---

[1] Our footnote in its entirety is as follows:

> The district court must of course sentence Davison anew on remand, so our affirmance as to Davison's remaining two sentence-enhancement claims means that we affirm the district court's application of those enhancements, not that we affirm Davison's 120-month sentence. We resolve these two sentencing-enhancement claims so that the district court may again impose the same Guidelines enhancements in calculating Davison's new sentence. We decline, however, to address Davison's substantive-unreasonableness argument, because the substantive reasonableness of a sentence depends, among other things, upon its severity in relation to the applicable Guidelines range. Because we can neither predict nor dictate the manner in which the district court will resentence Davison

sentencing-enhancement claims so that the district court may again impose the same Guidelines enhancements in calculating Davison's new sentence." *Id.* Naturally, we further explained, we could not possibly rule on whether the sentence was substantively unreasonable because the district court would first have to resentence Davison in accordance with our limited mandate. Thus the "anew" language in no way permits revisiting other issues affecting the Guidelines range.

Furthermore, a limited remand does not require language that affirmatively forbids the district court from considering arguments outside the express scope of the mandate, as Davison appears to argue. Where the appellate court has definitively stated that the remand is limited, it hardly can be expected to list every issue the district court is precluded from considering on remand. Although, as noted above, we require a limited remand to "explicitly outline the issues to be addressed by the district court and create a narrow framework within which the district court must operate," *United States v. Daniels*, 705 F. App'x 456, 457 (6th Cir. 2017), we have not required a limited remand to list specific exclusions from its scope. Indeed, we recently held that language remanding "for purposes of entering an order that rejects [a defendant's] motion" was "quite limited" and allowed the trial court to do only that. *United States v. Charles*, 901 F.3d 702, 704 (6th Cir. 2018). Even though the first panel in *Charles* had not expressly characterized its remand as limited when it issued the mandate, the panel on the second appeal later held that the remand still "left the [district] court no room to consider other features of [the defendant's] original sentence." *Id.* Our decision in *Campbell*, 168 F.3d at 268–69, similarly held that, given a remand articulating "with particularity the scope of the district court's task, . . . the district court properly refused to reopen sentencing to consider recalculation of the drug quantity." The cases upon which

---

on remand, we cannot prospectively rule on the substantive reasonableness of Davison's new sentence, nor do we have reason to rule on the substantive reasonableness of Davison's vacated sentence.

*Davison I*, 766 F. App'x at 235 n.1

Davison relies for the proposition that "*[u]nless directly told otherwise*, the lower court may expand the record []or reconsider other aspects of the sentence" (emphasis added) involved *general*, not limited remands. In one case, for instance, this court concluded that a remand for sentencing "consistent with this opinion" used boilerplate language that could not be construed to limit the district court's review. *United States v. Obi*, 542 F.3d 148, 154 (6th Cir. 2008); *see also Gibbs*, 626 F.3d at 351. In those cases, unlike cases with limited remands, there is a general principle of *de novo* consideration at resentencing. *See Campbell*, 168 F.3d at 268.

Davison's final argument here—that the purpose of the mandate rule was not served by the district court's refusal to consider his claims—is perplexing. As we have previously explained, in the case of limited remands, "we expect[] the district court and the parties to adhere to [the] limitations as required by the mandate rule." *United States v. Moore*, 131 F.3d 595, 599 (6th Cir. 1997). Davison argues that his criminal history issue turned on a simple factual issue that the trial court could have easily resolved, and that by refusing to do so, it has prolonged this case. Davison however provides no support for the idea that a possible "quick fix" warrants addressing an issue outside the scope of a limited remand.

Accordingly, the district court did not err by rejecting Defendant's challenge to his criminal history score as outside the scope of the limited remand.

Davison's sentence was otherwise substantively reasonable. Davison echoes his argument that the district court misunderstood the remand's scope, which, as he contends, in turn resulted in the court's erroneously refusing to consider arguments relevant to the application of the § 3553 factors. As noted above, Davison had already appealed the application of a four-level sentencing enhancement for possession of a firearm in connection with drug trafficking and lost. On remand, Davison again challenged the strength of the drug evidence, pointing to the fact that the

government had dropped the drug-related charges. But Davison's argument that the district court did not consider the weakness of the drug evidence as part of the § 3553 inquiry rests on a misreading of district court's conclusion. Davison relies on lengthy portions of the sentencing transcript in which the court declined to consider such arguments in the context of applying the same enhancement that we had already upheld while calculating the base offense level. In any event, the district court found there was strong evidence (more than a preponderance) of drug involvement and considered that evidence as part of the nature and circumstances of the offense under § 3553(a)(1).

Davison's next set of arguments is centered on the district court's treatment of a 2009 conviction of a weapons charge. Davison contends that the court gave the conviction far too much weight, especially considering that he had been acquitted of all the other charges in connection with the 2009 trial. Once again, these arguments misstate the district court's conclusion. While the court indeed discussed the seriousness of the prior conviction and related acquitted conduct, the court was primarily troubled by the proximity and similarities between the 2009 conviction and this conviction. After Davison had been incarcerated for five years on a weapons charge, he "turn[ed] around and engage[d] in the exact same conduct within a year." The district court concluded that this repeated disregard for the law was relevant to the question of how to protect the public.

Davison's argument that the district court gave the other § 3553 factors "short shrift" is contradicted by the record. The trial court conducted a detailed analysis of the remaining factors, concluding in part that Davison's employment, stable family relationship, and improved behavior worked in his favor, while his criminal history and background, which included violent offenses and cocaine possession charges, and his marijuana dependency, worked against him. Davison's

objections about the district court's weight on the 2009 conviction appear to have been based on an apprehension that the court would go "outside the mainstream of the Guidelines." He admitted below that "a sentence within the Guidelines range would be at the most what would be appropriate in our view." The district court ultimately imposed a sentence of 66 months' imprisonment, well within the Guidelines range and only a few months more than the average national sentence for individuals with the same criminal history category. Davison relies on *United States v. Warren*, 771 F. App'x 637, 641–42 (6th Cir. 2019) to support his argument that the district court's emphasis on his prior conviction was in error, but *Warren* involved a court's reliance on a prior conviction to "impos[e] an extreme variance," an issue not present here. *Id.* at 642. The district court's thorough consideration of the § 3553 factors does not constitute an abuse of discretion, however much Davison may now disagree with the outcome. Davison's sentence was procedurally and substantively reasonable, and accordingly, the sentence is affirmed.