**STATE of Iowa, Appellee,**

v.

**Marcus Tyrone WILSON, Appellant.**

No. 93–1072.

Supreme Court of Iowa.

Oct. 19, 1994.

Rehearing Denied Nov. 21, 1994.

Linda Del Gallo, State Appellate Defender, and John Fatino and Rachele Braverman Hjelmaas, Asst. Appellate Defenders, for appellant.

Bonnie J. Campbell, Atty. Gen., Bridget A. Chambers, Asst. Atty. Gen., Thomas J. Ferguson, County Atty., and D. Raymond Walton, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, SNELL, and ANDREASEN, JJ.

CARTER, Justice.

Defendant, Marcus Tyrone Wilson, appeals from conviction following jury trial of the offense of second-degree robbery in violation of Iowa Code sections 711.1 and 711.3 (1993). He asserts that the district court erred in failing to submit, as a lesser included offense, the crime of assault while participating in a felony in violation of Iowa Code section 708.1 (1993). Because we find no error in the district court's failure to instruct on that offense, we affirm defendant's conviction.

The evidence at trial, viewed most favorably toward the State, established that defendant was observed shoplifting in a Waterloo grocery store. As he departed the store he was followed to his car by a store employee who requested that he return to the store. At this point defendant drew a knife, causing the store employee to back away. Defendant then drove away.

Store employees were able to take down the license number of defendant's car and notify police. Police located and stopped the vehicle and arrested defendant. When defendant was removed from the car by officers, a knife was found on his person. Meat taken from the grocery store was found in the automobile.

To sustain his argument that assault while participating in a felony is a lesser included offense in a prosecution for second-degree robbery, defendant relies on *State v. Johnson*, 291 N.W.2d 6 (Iowa 1980). In the *Johnson* case, the issue was whether assault while participating in a felony was a lesser included offense of sexual abuse in the third degree. This court reasoned that both the

intent element and assault element of assault while participating in a felony are included in third-degree sexual abuse. We further concluded, however:

> The jury may harbor a reasonable doubt as to whether ... the sex act, was actually accomplished under the circumstances shown and yet have no reasonable doubt that there was an intent and attempt to accomplish the act charged, or here that an assault was committed sometime after the first act done toward and for the purpose of commission of the charge.

*Id.* at 10. Thus, in intending to commit third-degree sexual abuse, one may commit some but not all elements thereof and, in the process, be guilty of assault while participating in a felony.

■ We do not find that the analysis employed in *Johnson* required the submission of assault while participating in a felony in the present robbery prosecution. As the State points out, unlike the offenses being compared in *Johnson*, "participating in" the offense of second-degree robbery, if coupled with a completed assault, establishes all, rather than some, of the elements of the robbery offense. The essential elements of the robbery offense are (1) intent to commit a theft, and (2) an assault in carrying out the intent to commit a theft. When the basis for charging "participating in a felony" under section 708.1 relates to participation in second-degree robbery, the statutory definition of "participating in a public offense" would require proof of the same elements of intent that are necessary to establish the robbery offense. Iowa Code § 702.13 (1993) (requires act "done ... for the purpose of committing that [object felony] offense").[1]

■ Because commission of the included offense of assault while participating in a felony would in the present prosecution have required the State to establish all of the elements of the offense charged, *i.e.*, robbery in the second degree, the court was not required to submit the lesser offense. *See State v. Coffin*, 504 N.W.2d 893, 896–97 (Iowa 1993). This is not, as defendant suggests, a rejection of the "impossibility" test for identifying included offenses. The rule espoused in *Coffin* pertains to "submission" of included offenses rather than their identification. The reason for not requiring the submission of an included offense in which all of the elements of the offense charged are also contained is fully explained in the *Coffin* opinion. *Id.* at 897.

We have considered all arguments presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**

---

1. This was recognized in the *Johnson* decision in which, in interpreting § 702.13, we stated that "[the] intent will thus be the same as the intent required for the object felony." *Johnson*, 291 N.W.2d at 9.