# IN THE COURT OF APPEALS OF IOWA

No. 17-1435
Filed July 18, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**PRINCE NYOMAH,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Karen A. Romano, Judge.

Prince Nyomah appeals his convictions of second-degree robbery and assault while participating in a felony, arguing the convictions should have merged. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Prince Nyomah entered *Alford* pleas[1] to second-degree robbery and assault while participating in a felony, among other things. He now appeals those two convictions, arguing the convictions should have merged under the merger doctrine, codified in Iowa Code section 701.9 (2017). That section provides:

> No person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted. If the jury returns a verdict of guilty of more than one offense and such verdict conflicts with this section, the court shall enter judgment of guilty of the greater of the offenses only.

While we generally review a challenge under the merger statute for correction of errors at law, *see State v. Ceretti*, 871 N.W.2d 88, 92 (Iowa 2015), insofar as an unconstitutional sentence is alleged, our review is de novo, *see State v. Zarate*, 908 N.W.2d 831, 840 (Iowa 2018).

"[I]n the merger and double jeopardy context, the threshold question is whether it is legally impossible to commit the greater crime without also committing the lesser." *State v. Stewart*, 858 N.W.2d 17, 21 (Iowa 2015). "If the robbery and assault charges were predicated on a single assault, the two crimes should merge." *See State v. Wilson*, 523 N.W.2d 440, 441 (Iowa 1994). However, "[i]t is well established in Iowa law that a single course of conduct can give rise to multiple charges and convictions." *State v. Velez*, 829 N.W.2d 572, 584 (Iowa 2013) (citing *State v. McKettrick*, 480 N.W.2d 52, 57 (Iowa 1992)). Ultimately, a merger claim

---

[1] An *Alford* plea allows a defendant to maintain innocence while acknowledging the prosecution has enough evidence to win a conviction from a judge or jury. See *North Carolina v. Alford*, 400 U.S. 25, 32-38 (1970).

turns on whether the two offenses at issue "involve the same offense." *State v. Lewis*, 514 N.W.2d 63, 69 (Iowa 1994).

The amended trial information alleged Nyomah committed robbery in the second degree, in violation of sections 711.1 and .3, and assault while participating in a felony, in violation of Iowa Code section 708.3. Under sections 711.1 and .3, a defendant is guilty of second-degree robbery when that defendant committed a robbery with the intent to commit a theft and, to assist or further the commission of the intended theft or the defendant's escape from the scene thereof, the defendant either committed an assault upon another, threatened another with or purposely put another in fear of immediate serious injury, or threatened to commit immediately any forcible felony. Under section 708.3, a defendant is guilty of assault while participating in a felony if he committed "an assault within the meaning of Iowa Code section 708.1 [(2017)] while participating in a felony other that a sexual abuse." A person commits an assault

> when, without justification, the person does any of the following:
> a. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.
> b. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.
> c. Intentionally points any firearm toward another, or displays in a threatening manner any dangerous weapon toward another.

*See* Iowa Code § 708.1(2). The amended trial information alleged Nyomah committed "assaults" upon the victim, but that document did not specify the way or ways in which the assaults allegedly occurred.

At the plea hearing, the court discussed the elements of the offenses with Nyomah, and Nyomah acknowledged the elements the State would be required to prove for both offenses. Additionally, Nyomah agreed that, if the witnesses set forth in the minutes of evidence came to court and testified as described, his guilt would be established beyond a reasonable doubt and that any evidence his witnesses presented to the jury "would not overcome that guilt beyond a reasonable doubt."

The minutes of evidence set forth numerous actions by Nyomah which constitute separate and distinct assaults. While in the living room, Nyomah pulled out a gun and pointed it at the victim, who was standing in the hallway. He yelled, "Give me all your money. Give me everything." The victim backed up the hallway and walked to her bedroom where she retrieved her own handgun. She walked out, pointed her gun at Nyomah, and told him to leave. Nyomah then grabbed for the victim's gun, and the victim grabbed Nyomah's gun. The two wrestled for each other's guns for a few moments. They ended up in the bedroom where Nyomah threw the victim on to the bed and started punching her. Because multiple assaults took place, each crime can be supported by a separate and distinct assault. Thus, the crimes of assault while participating in a felony and second-degree robbery do not merge. *See Velez*, 829 N.W.2d at 583-84; *see also State v. Clay*, No. 14-0864, 2015 WL 4935606, at *6 (Iowa Ct. App. Aug. 19, 2015).

Because the crimes do not merge, Nyomah's claim must fail. Accordingly, we affirm his convictions, judgment, and sentences.

**AFFIRMED.**