# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3099

_____

Pamela Golinveaux

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: October 16, 2018
Filed: February 11, 2019

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Pamela Jo Golinveaux was sentenced as an armed career criminal. She moved to vacate her sentence under 28 U.S.C. § 2255, invoking *Johnson v. United States*, 135 S. Ct. 2551 (2015). The district court[1] denied her motion. She appeals. Having jurisdiction under 28 U.S.C. §§ 1291 and 2253, this court affirms.

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

In 2008, Pamela Golinveaux pleaded guilty to being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The plea agreement stipulated she is an Armed Career Criminal under§ 924(e)(1) because she had at least three prior qualifying felony convictions. The Presentence Investigation Report (PSR), adopted by the district court, identified six qualifying convictions for violent felonies, but did not specify whether ACCA's residual clause or another ACCA provision (such as the force clause) supported the enhancement.

The Supreme Court in *Johnson* invalidated the ACCA's residual clause, later holding *Johnson*'s new rule retroactive on collateral review. ***Welch v. United States***, 136 S. Ct. 1257, 1264–65 (2016). In April 2016, less than a year after *Johnson*, Golinveaux filed her first 2255 motion to vacate her sentence, claiming she no longer qualified as an armed career criminal due to *Johnson*. The Government conceded that two of the six prior offenses no longer qualify as violent felonies under ACCA. The district court denied relief.

A federal prisoner may collaterally attack a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." **28 U.S.C. § 2255(a)**. The movant bears the burden to prove each ground entitling relief. *E.g.*, ***Kress v. United States***, 411 F.2d 16, 20 (8th Cir. 1969) (per curiam).

I.

While this appeal was pending, this court decided *Walker v. United States*, 900 F.3d 1012 (8th Cir. 2018). A 2255 movant bringing a *Johnson* claim must "show by a preponderance of the evidence that the residual clause led the sentencing court to apply the ACCA enhancement." ***Walker***, 900 F.3d at 1015 (agreeing with the First, Tenth, and Eleventh circuits). A "more likely than not" burden reflects the

"importance of the finality of convictions, one of Congress's motivations in passing the Antiterrorism and Effective Death Penalty Act." *Id.* at 1014. This court rejected the Fourth and Ninth circuits' approaches that require showing only that a sentencing court "may have" relied on the residual clause. *Id.* *See also* ***United States v. Peppers***, 899 F.3d 211, 226, 235 n.21 (3d Cir. 2018) (applying the Fourth and Ninth circuits' "may have" standard at the gatekeeping stage, but adopting "preponderance" at the merits stage). Though *Walker* addressed a successive 2255 motion, two of the three cases it followed involved initial 2255 motions. *Compare* ***Dimott v. United States***, 881 F.3d 232, 235 (1st Cir. 2018) (initial), *and* ***United States v. Beeman***, 871 F.3d 1215, 1220 (11th Cir. 2017) (initial), *with* ***United States v. Washington***, 890 F.3d 891, 893 (10th Cir. 2018) (successive). *See also* ***United States v. Driscoll***, 892 F.3d 1127, 1135 & n.5 (10th Cir. 2018) (initial motion subject to "more likely than not" standard).

At the merits stage of an initial 2255 motion, Golinveaux must "show by a preponderance of the evidence that the residual clause led the sentencing court to apply the ACCA enhancement." ***Walker***, 900 F.3d at 1015. If she was sentenced based on the residual clause, then her "sentence was both in excess of the statutory maximum *and* imposed in violation of the Constitution." ***Cravens v. United States***, 894 F.3d 891, 893 (8th Cir. 2018). A *Johnson* error entitles Golinveaux to relief under 2255 "unless the error was harmless." ***Id.***, *applying* ***Brecht v. Abrahamson***, 507 U.S. 619, 637 (1993), to *Johnson* error in 2255 proceeding.

"Whether the residual clause provided the basis for an ACCA enhancement is a factual question for the district court." ***Walker***, 900 F.3d at 1015, *citing* ***Beeman***, 871 F.3d at 1224 n.5 (stating that the basis for an enhancement is "a historical fact"). The district court should first review the sentencing record. For example, "comments or findings by the sentencing judge," unobjected-to statements in the PSR, or "concessions by the prosecutor" may show which ACCA clause was the basis of an enhancement. ***Beeman***, 871 F.3d at 1224 n.4. Reviewing these possible sources, the district court here made detailed findings of historical facts. The district

court—without the benefit of the *Walker* opinion—did not find a precise historical fact about which clause was the basis of the enhancement. The court's detailed findings show that the record is inconclusive. At oral argument, Golinveaux's counsel agreed that the record does not state which ACCA clause was the basis of her sentencing enhancement.

II.

When the record is inconclusive, the second step is to determine the relevant legal environment at the time of sentencing. *Driscoll*, 892 F.3d at 1133. "[T]he district court may consider 'the relevant background legal environment at the time of . . . sentencing' to ascertain whether the movant was sentenced under the residual clause." *Walker*, 900 F.3d at 1015, *quoting Washington*, 890 F.3d at 896, *and citing United States v. Snyder*, 871 F.3d 1122, 1129 (10th Cir. 2017) (explaining that the "relevant background legal environment is a 'snapshot' of what the controlling law was at the time of sentencing and does not take into account post-sentencing decisions that may have clarified or corrected pre-sentencing decisions"). *See also United States v. Taylor*, 873 F.3d 476, 482 (5th Cir. 2017) (legal environment at time of sentencing established that the ACCA enhancement was necessarily based on the residual clause). *Walker* does not "require remand in cases which turn solely upon the background legal environment." *Dembry v. United States*, 2019 WL 436580, at *2 No. 17-2849 (8th Cir. Feb. 5, 2019) (explaining that this court remanded *Walker* to the district court to review the sentencing record). Here, the district court sufficiently developed the record, which is inconclusive. This court now considers the second step.

Determining the legal environment requires a "legal conclusion" about the controlling law at the time of sentencing. *Driscoll*, 892 F.3d at 1133 n.3, *quoting Snyder*, 871 F.3d at 1128–29. This court reviews these legal conclusions de novo. *Dembry*, 2019 WL 436580, at *2. *See generally U.S. Bank N.A. v. Village at Lakeridge, LLC*, 138 S. Ct. 960, 967 (2018) ("[T]he standard of review for a mixed

-4-

question all depends—on whether answering it entails primarily legal or factual work."). "*Walker* does not require that the district court examine the background legal environment in the first instance." *Dembry*, 2019 WL 436580, at *2. As in the First, Fifth, Tenth, and Eleventh circuit cases that *Walker* favorably and repeatedly cites, this court may determine the legal environment at the time of sentencing.[2] *See Walker*, 900 F.3d at 1015, *citing Dimott*, 881 F.3d at 242; *Taylor*, 873 F.3d at 482; *Washington*, 890 F.3d at 899; *Beeman*, 871 F.3d at 1224. In those circuits, courts of appeals reviewing the basis of an ACCA enhancement determine the legal environment at the time of sentencing. *See* cases listed in the appendix to this opinion.

Based on the legal environment at the time of Golinveaux's sentencing, she cannot carry her 2255 burden. Golinveaux concedes two of her prior convictions qualify as ACCA predicates. A third, her Iowa robbery conviction under Iowa Code § 711.1(1), also qualified. Section 711.1(1) has two elements: "(1) intent to commit a theft, and (2) an assault in carrying out the intent to commit a theft." *State v. Wilson*, 523 N.W.2d 440, 441 (Iowa 1994). The Iowa Supreme Court "follow[s] the definition of assault in Iowa Code section 708.1 when applying the assault alternative of robbery under Iowa Code section 711.1(1)." *State v. Heard*, 636 N.W.2d 227, 230 (Iowa 2001). At the time of Golinveaux's sentencing, a person committed an assault under Iowa Code § 708.1(1) by committing an act intended to cause pain, injury, or offensive or insulting physical contact; § 708.1(2) by placing one in fear of such contact; or § 708.1(3) by displaying in a threatening manner any dangerous weapon toward another. **Iowa Code § 708.1 (2002)**. Consulting unobjected-to statements in the PSR, the district court found Golinveaux committed assault under either §

---

[2]The concurring opinion quotes from the petition for rehearing (and response) in the *Walker* case, apparently drawing inferences from the parties' views. To the contrary, because summary denial of rehearing is not a decision on the merits, the only inference from a summary denial of rehearing is that the decision stands. *See United States v. Replogle*, 678 F.3d 940, 942 (8th Cir. 2012).

708.1(1) or § 708.1(3).  *Cf.* ***United States v. Garcia-Longoria***, 819 F.3d 1063, 1067 (8th Cir. 2016).

The legal environment at the time of Golinveaux's sentencing establishes that assault under either § 708.1(1) or § 708.1(3) qualified as an ACCA predicate under the force clause.  *See* ***United States v. Smith***, 171 F.3d 617, 621 (8th Cir. 1999) (offense charged under Iowa Code § 708.1(1) has an element of physical force within the meaning of similar force provision in 18 U.S.C. § 921(a)(33)(A)(ii)); ***United States v. McDile***, 914 F.2d 1059, 1061–62 (8th Cir. 1990) (violation of Missouri statute similar to § 708.1(3) is a violent felony under ACCA force clause because it "involv[es] the use, attempted use, or  threatened use of physical force against the person of another").  *Cf.* ***Snyder***, 871 F.3d at 1129–30 (Wyoming burglary qualifies as predicate under ACCA enumerated offenses clause because pre-sentencing case found similar Missouri burglary qualifies as predicate under ACCA enumerated offenses clause).  "[G]iven the relevant background legal environment that existed at the time of [Golinveaux's] sentencing, there would have been no need for reliance on the residual clause."  ***Id.*** at 1130.  *See* ***Walker***, 900 F.3d at 1015, *quoting* ***Washington***, 890 F.3d at 898–99 ("[I]t is not enough for [a movant] to show that . . . 'the residual clause offered the path of least analytical resistance.'").

"In short, neither the relevant background legal environment nor the materials before the district court reveal that the court more likely than not used the residual clause . . . in sentencing."  ***Washington***, 890 F.3d at 900–01.  Golinveaux is unable "to show by a preponderance of the evidence that the residual clause led the sentencing court to apply the ACCA enhancement."  ***Walker***, 900 F.3d at 1015.  A remand is unnecessary because a contrary conclusion would be erroneous.

III.

A remand is also unnecessary because any error in relying on the residual clause would be harmless.  *See* ***Cravens***, 894 F.3d at 893 (*Johnson* error entitles

movant to relief under 2255 "unless the error was harmless."), *applying* **Brecht**, 507 U.S. at 637. On collateral review, an error is harmless unless it results in "actual prejudice," that is, a "substantial and injurious effect or influence in determining" a movant's sentence. **Brecht**, 507 U.S. at 637, *citing* **United States v. Lane**, 474 U.S. 438, 439 (1986).

Even if Golinveaux could show that her original sentence was based on the residual clause, her sentence would be unaffected. She concedes two of her prior convictions qualify as ACCA predicates. As discussed, a third—her Iowa robbery conviction under Iowa Code § 711.1(1)—qualified under the law at the time of sentencing. Golinveaux argues that it does not qualify under current law because the three subsections of the robbery statute are alternative means of satisfying a single element, and that the first two subsections encompass conduct that falls short of "violent force" as defined in *Johnson v. United States*, 559 U.S. 133, 139–40 (2010). *See* **Mathis v. United States**, 136 S. Ct. 2243, 2251 (2016) ("[A] state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense."). However, the subsections of § 711.1 are alternative elements that define different crimes, rather than "various factual ways of committing some component of the offense." **Id.** at 2249. *See* **Wilson**, 523 N.W.2d at 441 ("essential elements" of robbery are "(1) intent to commit a theft, and (2) an assault in carrying out the intent to commit a theft"). The assault subsection of § 711.1 is an alternative element in its own right. The trial information in Golinveaux's case is consistent with this understanding. By alleging that Golinveaux, "having the intent to commit a theft[,] committed an assault upon employees . . . in violation of § 711.1(1)," the charging document referenced only one alternative to the exclusion of the others. *See* **Mathis**, 136 S. Ct. at 2257.

Golinveaux's Iowa robbery conviction qualifies as an ACCA predicate under current law. *See* **Wilson**, 523 N.W.2d at 441 (the assault alternative of robbery under § 711.1(1) applies definition of assault in § 708.1); **United States v. Gaines**, 895 F.3d

1028, 1033 (8th Cir. 2018) (§ 708.1(1) assault qualifies as a crime of violence under sentencing guidelines); *United States v. Maid*, 772 F.3d 1118, 1121 (8th Cir. 2014) (§ 708.1(3) assault qualifies as a crime of violence under sentencing guidelines); *Boaz v. United States*, 884 F.3d 808, 810 n.3 (8th Cir. 2018) (this court views the force clauses in the ACCA and sentencing guidelines interchangeably). Resentencing would not change Golinveaux's ACCA enhancement, so any *Johnson* error was harmless. *See Fletcher v. United States*, 858 F.3d 501, 506 (8th Cir. 2017).

\* \* \* \* \* \* \*

The judgment is affirmed.

COLLOTON, Circuit Judge, concurring in the judgment.

As a matter of first principles, I would agree with the court's ultimate conclusion in Part II. A movant seeking to vacate her sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015), should bear the burden to establish that her sentence, more likely than not, was based on the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii). When the record of the sentencing hearing is silent or inconclusive, however, the post-conviction court must determine the issue according to the background legal environment in which the sentencing occurred. The process of determining the legal environment at the time of sentencing, and the legal significance of that environment, presents questions of law, not fact. And here, it was settled under Eighth Circuit law at the time of Golinveaux's sentencing that her conviction for second degree robbery in Iowa qualified as a violent felony under the "force clause" of 18 U.S.C. § 924(e)(2)(B)(i). So the sentence, as a matter of law, was not based on the residual clause of § 924(e)(2)(B)(ii).

But *Walker v. United States*, 900 F.3d 1012 (8th Cir. 2018), seems to preclude this approach, because it declared that "[w]hether the residual clause provided the basis for an ACCA enhancement is a *factual question for the district court*." *Id*. at

-8-

1015 (emphasis added). Consistent with treating the matter as a question of fact, *Walker* said that "*the district court* may consider the relevant background legal environment at the time of . . . sentencing," if the record or an evidentiary hearing is inconclusive about the basis for the sentence. *Id*. (emphasis added) (internal quotation omitted). *Walker* cited a footnote in *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017), to declare that "the basis for an enhancement is 'a historical fact.'" The *Beeman* footnote, in turn, discussed how the background legal environment cast light on what it described as a "question of historical fact." *Id*. at 1224 n.5.

Although the sentencing record in *Walker* was "sparse," 900 F.3d at 1015, and did not reveal whether the sentencing court relied on the residual clause, *see United States v. Walker*, No. 4:02-cr-00161, R. Doc. 161, 162, this court remanded the post-conviction case to the district court, saying that "it is the function of the District Court rather than the Court of Appeals to determine the facts." 900 F.3d at 1015 (quoting *Murray v. United States*, 487 U.S. 533, 543 (1988)). There would have been no need to remand for factual findings if the meaning and significance of the background legal environment were questions of law.

The appellant in *Walker* objected to treating the background legal environment as a factual issue, *Walker*, No. 16-4284, Pet. for Reh'g at 5-9, and the government acknowledged that *Walker* went "a step beyond" decisions of other circuits that would not have called for a remand, *id*., Resp. to Pet. at 11, but the court denied the appellant's petition for rehearing on that point, and we are thus bound by *Walker* as written. Other circuits allow the court of appeals to determine what was the background legal environment at the time of sentencing, *ante*, at 5, but *Walker* did not cite those decisions for the proposition that the substance and significance of the legal environment is an issue of law. So while the court's ultimate conclusion in Part II

would be correct in a case of first impression—the background legal environment raises questions of law, not fact—the reasoning is problematic in light of *Walker*.[3]

There is a different reason, however, to affirm the denial of Golinveaux's motion. The majority opinion ultimately agrees. Even assuming that Golinveaux could show that her original sentence was based on the residual clause, there is no need for resentencing if the district court would be required to impose the same sentence under current law. Any error in relying on the residual clause would be harmless. *See Fletcher v. United States*, 858 F.3d 501, 506-08 (8th Cir. 2017).

Golinveaux is subject to enhanced punishment as an armed career criminal if she sustained three prior convictions for a violent felony or a controlled substance offense. She concedes that two prior convictions qualify as predicates. Golinveaux contends, however, that a third conviction—for second degree robbery under Iowa Code § 711.1 (1995)—does not count as a violent felony under current law. She asserts that the three subsections of the robbery statute are alternative means of satisfying a single element, *see Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016), and that the first two subsections encompass conduct that falls short of "violent force" as defined in *Johnson v. United States*, 559 U.S. 133, 139-40 (2010).

The subsections of § 711.1, however, are best understood as setting forth alternative elements that define different crimes, rather than "various factual ways of committing some component of the offense." *Mathis*, 136 S. Ct. at 2249. *State v. Wilson*, 523 N.W.2d 440 (Iowa 1994), explained that the "essential elements" of

---

[3] As this decision was on the verge of filing, another panel of the court declared in *dicta* that *Walker* does not require a remand for a district court to address the background legal environment that prevailed at the time of sentencing, and that assessment of the background legal environment depends on legal conclusions. *Dembry v. United States*, No. 17-2849, slip op. at 4 (8th Cir. Feb. 5, 2019). Because this case, like *Dembry*, can be resolved on an alternative ground, *id*. at 4-5, it is unnecessary to address *Dembry*'s treatment of *Walker*.

robbery were "(1) intent to commit a theft, and (2) an assault in carrying out the intent to commit a theft," *id.* at 441, thereby showing that the assault subsection of § 711.1 is an alternative *element* in its own right. The trial information in Golinveaux's case is consistent with this understanding. By alleging that Golinveaux, "having the intent to commit a theft[,] committed an assault upon employees . . . in violation of § 711.1(1)," the charging document referenced only one alternative to the exclusion of the others. *See Mathis*, 136 S. Ct. at 2257.

The judicial record shows that Golinveaux was convicted under § 711.1(1), the assault alternative under the Iowa robbery statute. Golinveaux does not dispute that the underlying assault statute, Iowa Code § 708.1 (1995), is divisible under current law, *see United States v. Smith*, 171 F.3d 617, 620-21 (8th Cir. 1999), and she does not claim any error by the district court in relying on unobjected-to statements in the presentence report to determine that she violated either § 708.1(1) or § 708.1(3). *Cf. United States v. Garcia-Longoria*, 819 F.3d 1063, 1067 (8th Cir. 2016). Nor does she dispute the district court's conclusion that a robbery committed by either type of assault is a violent felony under current law because it has as an element the use, attempted use, or threatened use of force against another person. *See Smith*, 171 F.3d at 621; *United States v. Boots*, 816 F.3d 971, 974 (8th Cir. 2016) (per curiam).

Therefore, Golinveaux's prior conviction for second degree robbery in Iowa counts as a violent felony under current law. She has three qualifying predicate convictions under current law, and any error in using the residual clause to classify her as an armed career criminal at the original sentencing is harmless. I therefore concur in the judgment to affirm the district court.

-11-

**Appendix**

*United States v. Lewis*, 904 F.3d 867, 871–72 (10th Cir. 2018) (determining relevant background legal environment at time of sentencing).

*United States v. Wiese*, 896 F.3d 720, 725 (5th Cir. 2018) (examining precedent at time of sentencing).

*United States v. Driscoll*, 892 F.3d 1127, 1135 (10th Cir. 2018) (reviewing de novo district court's analysis of legal environment at time of sentencing).

*United States v. Washington*, 890 F.3d 891, 899 (10th Cir. 2018) (determining relevant background legal environment at time of sentencing).

*Dimott v. United States*, 881 F.3d 232, 241–42 (1st Cir. 2018) (examining precedent at time of sentencing).

*United States v. Murphy*, 887 F.3d 1064, 1068–69 (10th Cir. 2018) (determining relevant background legal environment at time of sentencing).

*United States v. Taylor*, 873 F.3d 476, 482 (5th Cir. 2017) (determining legal precedent at time of sentencing).

*United States v. Beeman*, 871 F.3d 1215, 1224 (11th Cir. 2017) (noting lack of precedent at time of sentencing holding petitioner's convictions qualified under only the residual clause).

*United States v. Snyder*, 871 F.3d 1122, 1130 (10th Cir. 2017) (determining relevant background legal environment at time of sentencing).

*Ziglar v. United States*, 2018 WL 6505435, at *3 (11th Cir. Dec. 11, 2018) (unpublished per curiam) (reviewing "*legal* arguments" about state of the law at time of sentencing).

*Smith v. United States*, 2018 WL 4355909, at *3 (11th Cir. Sept. 12, 2018) (unpublished per curiam) (noting lack of precedent at time of sentencing holding petitioner's convictions qualified under only the residual clause).

***Bivins v. United States***, 747 Fed. Appx. 765, 770 (11th Cir. 2018) (per curiam) (noting lack of precedent at time of sentencing holding petitioner's convictions qualified under only the residual clause).

***United States v. Hernandez***, 743 Fed. Appx. 156, 159–61 (10th Cir. 2018) (determining relevant background legal environment at time of sentencing).

***Harper v. United States***, 742 Fed. Appx. 445, 448–49 (11th Cir. 2018) (per curiam) (noting lack of precedent at time of sentencing holding petitioner's convictions qualified under only the residual clause).

***United States v. Galbreath***, 742 Fed. Appx. 348, 351–54 (10th Cir. 2018) (determining relevant background legal environment at time of sentencing).

***United States v. Byers***, 739 Fed. Appx. 925, 927–29 (10th Cir. 2018) (determining relevant background legal environment at time of sentencing).

***United States v. Rhodes***, 721 Fed. Appx. 780, 782 (10th Cir. 2018) (determining relevant background legal environment at time of sentencing).

***United States v. Couchman***, 720 Fed. Appx. 501, 506–07 (10th Cir. 2018) (determining relevant background legal environment at time of sentencing).

***United States v. Robinson***, 720 Fed. Appx. 946, 951–52 (10th Cir. 2018) (considering the record in light of background legal environment).

***United States v. Hopson***, 718 Fed. Appx. 699, 703 (10th Cir. 2017) (determining relevant background legal environment at time of sentencing).

***United States v. Buck***, 717 Fed. Appx. 773, 776–77 (10th Cir. 2017) (determining relevant background legal environment at time of sentencing).

***United States v. Westover***, 713 Fed. Appx. 734, 737–39 (10th Cir. 2017) (determining relevant background legal environment at time of sentencing).

—————————————————