# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 17-2847

———————————————————

William Anthony Lofton

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

————————

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

————————

Submitted: October 19, 2018
Filed: April 5, 2019

————————

Before WOLLMAN, ARNOLD, and BENTON, Circuit Judges.

————————

WOLLMAN, Circuit Judge.

The district court denied William Anthony Lofton's 28 U.S.C. § 2255 petition, which alleges that he no longer qualifies as an armed career criminal. In light of Johnson v. United States, 135 S. Ct. 2551 (2015), we reverse and hold that Lofton no longer has three prior felony convictions that qualify as predicate offenses under the Armed Career Criminal Act (ACCA).

A jury convicted Lofton of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in July 2007. The presentence report recommended an enhancement under the ACCA, which mandates a 15-year minimum sentence for defendants with three prior violent felony or serious drug offense convictions. See 18 U.S.C. § 924(e)(1). The report listed five such convictions: unlawful delivery of cannabis, theft, two aggravated battery convictions, and aggravated criminal sexual abuse. The sentencing court applied the ACCA enhancement and sentenced Lofton to 327 months' imprisonment and 3 years of supervised release. Lofton filed a direct appeal challenging only his conviction, and we affirmed. United States v. Lofton, 557 F.3d 594 (8th Cir. 2009).

The Supreme Court in Johnson invalidated the ACCA's residual clause and made its rule retroactive on collateral review in Welch v. United Sates, 136 S. Ct. 1257, 1264-65 (2016). Shortly thereafter, Lofton filed this 28 U.S.C. § 2255 petition, claiming that four of his convictions were no longer violent felony convictions under the ACCA and that he was entitled to resentencing. His petition did not address his drug conviction.

The district court denied Lofton's petition, determining that his two aggravated battery convictions remained predicate offenses because they required the use of physical force pursuant to the ACCA's force clause. The court also determined that Lofton's drug conviction constituted an ACCA predicate offense. Having determined that the aggravated battery and drug convictions were qualifying felonies, the district court did not address whether Lofton's criminal sexual abuse conviction met the ACCA requirements.

While Lofton's appeal was pending, we adopted a new standard, which requires successive § 2255 claimants to "show by a preponderance of the evidence that the residual clause led the sentencing court to apply the ACCA enhancement." Walker

v. United States, 900 F.3d 1012, 1015 (8th Cir. 2018). We thereafter applied this standard at the merits stage of an initial § 2255 petition. See Golinveaux v. United States, 915 F.3d 564, 567 (8th Cir. 2019); see also Garcia-Hernandez v. United States, 915 F.3d 558, 560 (8th Cir. 2019) ("Walker's principles govern here, at the merits stage of an initial 2255 motion."). Whether a claimant meets this burden is usually a factual question for the district court, which reviews the record to determine whether the sentencing court specified which ACCA clause it used. Walker, 900 F.3d at 1015. If the district court determines that the record is inconclusive, or if the parties concede that the record does not show that he was sentenced on the basis of the residual clause, we may consider the relevant background legal environment in the first instance to determine if the sentencing court likely relied upon the residual clause. Golinveaux, 915 F.3d at 568. If the sentencing court likely relied upon the residual clause, but the conviction qualifies as a violent felony under current law, resentencing is not required because any error by the sentencing court would be harmless. Id. at 570; see also Dembry v. United States, 914 F.3d 1185, 1187-88 (8th Cir. 2019). We review *de novo* whether a defendant's prior conviction qualifies as a violent felony under the ACCA. Fletcher v. United States, 858 F.3d 501, 504 (8th Cir. 2017).

## I.

It is undisputed that Lofton's theft offense does not qualify as a violent felony after Johnson. Lofton argues that his aggravated battery convictions and his criminal sexual abuse conviction likewise do not qualify. Because the convictions do not fall under the ACCA's enumerated offenses clause, see 18 U.S.C. § 924(e)(2)(B)(ii), they must qualify under the ACCA's force clause by having "as an element the use, attempted use, or threatened use of physical force against the person of another." Id. § 924(e)(2)(B)(i). Physical force is "*violent* force—that is, force capable of causing physical pain or injury to another person." Curtis Johnson v. United States, 559 U.S. 133, 140 (2010).

-3-

We first consider whether criminal sexual abuse constitutes a violent felony. Because the parties concede that the record is inconclusive about whether Lofton was sentenced on the basis of the residual clause, we review the controlling law at the time of sentencing. Dembry, 914 F.3d at 1187. The relevant background legal environment may establish that the sentencing court necessarily relied on the residual clause, but "[i]f it is just as likely that [it] relied on the [force] . . . clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." Walker, 900 F.3d at 1015 (first alteration in original) (quoting Beeman v. United States, 871 F.3d 1215, 1222 (11th Cir. 2017)). Nor is it enough for Lofton to show that "the residual clause offered the path of least analytical resistance." Id. (quoting United States v. Washington, 890 F.3d 891, 899 (10th Cir. 2018)).

When Lofton was sentenced in 2008, the relevant background legal environment shows that the court more likely than not used the residual clause to classify his criminal sexual abuse conviction as a violent felony. The now-invalidated residual clause defined a violent felony as one that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Lofton pleaded guilty to aggravated criminal sexual abuse, wherein an adult over the age of 17 "commits an act of sexual conduct with a victim who was under 13 years of age." 720 Ill. Comp. Stat. 5/12-16(c)(1)(i) (1998) (current version at 720 Ill. Comp. Stat. 5/11-1.60(c)(1)(i) (2011)). Sexual conduct is "any intentional or knowing touching or fondling by the victim or the accused, either directly or through clothing, of . . . any part of the body of a child under 13 years of age . . . for the purpose of sexual gratification or arousal of the victim or the accused." Id. 5/12-12(e) (2000) (repealed 2011). Our pre-2008 case law identified statutes proscribing sexual contact with children as ACCA predicates under the residual clause. See, e.g., United States v. Anderson, 438 F.3d 823, 825 (8th Cir. 2006) (Minnesota statute prohibiting sexual contact with a child under the age of 13); United States v. Mincks, 409 F.3d 898, 900 (8th Cir. 2005) (Missouri statutory sexual

offenses); see also United States v. Dawn, 685 F.3d 790, 796-97 (8th Cir. 2012) (gathering cases). In light of the background legal environment at the time of sentencing, Lofton has shown "by a preponderance of the evidence that the residual clause led the sentencing court to apply the ACCA enhancement." Walker, 900 F.3d at 1015.

This classification is not harmless error because a conviction thereunder does not constitute a violent felony under current law. See Golinveaux, 915 F.3d at 570 (upholding sentence for harmless error because conviction qualified as ACCA predicate under current law). Because a defendant can violate this statute by having a child touch him for sexual gratification, an act that does not necessarily require "the use, attempted use, or threatened use of physical force against the person of another," the statute on its face cannot qualify as an ACCA predicate. 18 U.S.C. § 924(e)(2)(B)(i); see United States v. Madrid, 805 F.3d 1204, 1208 (10th Cir. 2015) ("The crime has three components: a mens rea element, a physical act element, and an age element. Notably absent is any requirement of force or lack of consent."), abrogated on other grounds by Beckles v. United States, 137 S. Ct. 886 (2017).[1]

We reject the government's argument that violent force should not be required in the context of criminal sexual abuse and hold that Lofton's sexual abuse conviction does not meet the force clause requirements and thus does not qualify as a predicate offense under the ACCA.

---

[1]The government seemed to concede as much at oral argument when it noted that asking a child to perform a sex act "doesn't necessarily" cause pain or require force. To the extent that the government does not concede this point, we reject its argument that Lofton must identify an Illinois state court conviction under the statute wherein no force was used. The state law is facially overbroad. We need inquire no further. See United States v. Eason, 829 F.3d 633, 642 (8th Cir. 2016) ("After Johnson, [the Arkansas definition of physical force], on its face, falls short of requiring force capable of causing physical pain or injury to another person." (internal quotation marks omitted)).

## II.

The district court erred in determining that Lofton's drug conviction qualifies as a serious drug offense. A serious drug offense is one "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Lofton's Illinois conviction for unlawfully delivering cannabis has a maximum punishment of three years' imprisonment, Ill. Rev. Stat. 1988, ch. 38, par. 1005-8-1(7) (current version at 730 Ill. Comp. Stat. 5/5-4.5-45 (2017)), and therefore is not a serious drug offense under the ACCA. The government agrees. When Lofton was sentenced for his federal firearms conviction in 2008, he thus had, at most, two violent felonies—his aggravated battery convictions—and should not have qualified as an armed career criminal. Without the ACCA enhancement, Lofton would have been sentenced within the 120-month statutory maximum for his federal firearms conviction. 18 U.S.C. § 924(a)(2). His 327-month sentence, imposed with the erroneous enhancement, vastly exceeds this statutory maximum. Because his sentence is "in excess of the maximum authorized by law" and therefore illegal, § 2255 entitles him to relief. 28 U.S.C. § 2255(a); see also Sun Bear v. United States, 644 F.3d 700, 705 (8th Cir. 2011) (en banc) ("An unlawful or illegal sentence is one imposed without, or in excess of, statutory authority.").

We reject the government's argument that Lofton is not entitled to relief because he procedurally defaulted his claim that his is not a serious drug offense by failing to raise it on direct appeal and in his § 2255 petition. His illegal sentence presents a "miscarriage of justice" that § 2255 permits us to correct, despite his failure to raise the issue earlier. See Sun Bear, 644 F.3d at 705 (noting that a sentence that exceeds the statutory maximum is an error of law resulting in fundamental miscarriage of justice but denying § 2255 motion because sentence fell within statutory range); United States v. Wilson, 997 F.2d 429, 431 (8th Cir. 1993) (per curiam) ("Wilson has procedurally defaulted this claim, but § 2255 expressly makes relief available if the

sentence was in excess of the maximum authorized by law, and we agree . . . that we should grant relief from the illegal sentence to avoid manifest injustice." (internal quotation marks omitted)).[2]

We reverse the district court's order denying Lofton's § 2255 petition and remand with directions to vacate the portion of his sentence that is affected by our opinion. Lofton has already served a term in excess of the 120-month statutory maximum authorized for his conviction under 18 U.S.C. § 922(g)(1). See id. § 924(a)(2). Accordingly, the district court shall direct that he be released from custody immediately. See, e.g., United States v. Geozos, 870 F.3d 890, 901 (9th Cir. 2017). Our mandate shall issue forthwith.

_____

---

[2]Because our case law permits us to correct illegal sentences, we need not discuss whether Lofton has shown sufficient cause and prejudice to permit us to review his procedurally defaulted claim under Bousley v. United States, 523 U.S. 614, 622 (1998). We also need not address Lofton's argument that the government waived its procedural default affirmative defense.