# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-2283

_____

Roderick Colvin

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 18, 2019
Filed: July 1, 2019
[Unpublished]

_____

Before LOKEN, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

Roderick Colvin appeals the denial of his 28 U.S.C. § 2255 petition, alleging that he lacks the requisite prior convictions to qualify for an enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), in the wake of <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). We affirm in part, reverse in part, and remand for the district court to determine whether Colvin's sentencing court more likely than

not relied on the ACCA's invalidated residual clause to classify his resisting arrest conviction as a violent felony.

Colvin pleaded guilty in December 2008 to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The presentence report recommended an ACCA enhancement, citing eight prior convictions that constituted violent felonies and serious drug offenses. The district court calculated a U.S. Sentencing Guidelines advisory range of 188 to 235 months' imprisonment. After initially imposing a 210-month sentence in March 2009, the court granted the government's motion for a reduction and imposed a 180-month sentence, the mandatory minimum permitted under the ACCA, in May 2010. 18 U.S.C. § 924(a)(2).

Following the Supreme Court's decision in Johnson, Colvin moved to vacate his sentence under 28 U.S.C. § 2255. The government conceded that five of Colvin's prior convictions no longer qualified as ACCA predicate offenses, but argued that he retained three qualifying convictions: second-degree assault; unlawful use of a weapon—exhibiting (unlawful use), see Mo. Rev. Stat. § 571.030.1(4) (1995); and resisting arrest, see Mo. Rev. Stat. § 575.150.1(1) (1995). Colvin contended that the latter two offenses were no longer violent felonies and that they could not count as separate predicate offenses because they were not committed on separate occasions. The district court denied Colvin's § 2255 motion and granted a certificate of appealability on the question whether his unlawful use conviction qualified as a violent felony.

While his appeal was pending and after the briefs were filed, we adopted a new standard, which requires § 2255 claimants to "show by a preponderance of the evidence that the residual clause led the sentencing court to apply the ACCA enhancement." Golinveaux v. United States, 915 F.3d 564, 567 (8th Cir. 2019) (quoting Walker v. United States, 900 F.3d 1012, 1015 (8th Cir. 2018)). Whether a claimant meets his burden under this standard is generally a factual question for the

district court.  Id.  To determine whether the sentencing court more likely than not relied on the residual clause, the court reviews the record and, if it is inconclusive, controlling law at the time of sentencing.  Id. at 567-68.  We may review controlling law in the first instance only "[i]f the district court determines that the record is inconclusive, or if the parties concede that the record does not show that [the defendant] was sentenced on the basis of the residual clause."  Lofton v. United States, 920 F.3d 572, 574 (8th Cir. 2019).  And if "the sentencing court likely relied upon the residual clause, but the conviction qualifies as a violent felony under current law, resentencing is not required because any error by the sentencing court would be harmless."  Id. at 574-75.

Without the benefit of our decisions in Walker and Golinveaux, the district court did not determine as a factual matter whether Colvin showed by a preponderance of the evidence that the sentencing court relied on the residual clause in classifying his unlawful use and resisting arrest convictions as violent felonies. Remand is unnecessary on Colvin's unlawful use claim, however, because United States v. Swopes, 892 F.3d 961, 962 (8th Cir. 2018) (per curiam), establishes that such a conviction is a violent felony under current law.  Accordingly, even if Colvin's sentencing court relied on the residual clause to classify that conviction as a violent felony, the error is harmless because resentencing would not change his ACCA classification.  See Golinveaux, 915 F.3d at 570.  The district court thus did not err by denying relief on the basis of the unlawful use conviction.

Remand is required on Colvin's claim that resisting arrest qualified as a violent felony only under the residual clause, and we exercise our authority to expand the certificate of appealability to address this issue.  See Noe v. United States, 601 F.3d

784, 792 (8th Cir. 2010). We remand for a determination whether the residual clause more likely than not led the sentencing court to apply the ACCA enhancement.[1]

The judgment is affirmed in part, reversed in part, and remanded for consideration of Colvin's resisting arrest claim under the standards set forth in Walker and Golinveaux. We decline to expand the certificate of appealability to include the question whether Colvin's convictions were separate offenses for ACCA purposes.

———————————————————

[1]We note that our decision to vacate the defendant's sentence in United States v. Shockley, 816 F.3d 1058 (8th Cir. 2016), did not rely on our discussion of resisting arrest "by using or threatening the use of violence or physical force." Id. at 1063 (quoting Mo. Rev. Stat. § 575.150.1(1)). We additionally note that our brief discussion did not include an analysis of relevant Missouri case law. Id.