# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2611
_____

United States of America

*Plaintiff - Appellee*

v.

Brian Whitmire

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: April 15, 2022
Filed: August 2, 2022
[Unpublished]
_____

Before LOKEN, KELLY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Brian Whitmire pleaded guilty to possessing a firearm and ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 84 months of imprisonment and three years of supervised release. On appeal, he contends that the district court erred in calculating his United States Sentencing

Guidelines range and in imposing a special condition of supervised release. Having jurisdiction under 18 U.S.C. § 1291, we remand for resentencing.

## I.

Whitmire argues that the district court miscalculated his Guidelines range by finding that his 2005 conviction for sexual assault in the second degree qualified as a crime of violence for purposes of calculating his base offense level. See USSG §§ 2K2.1(a)(4)(A), 4B1.2(a). He contends—and the government agrees—that the use, attempted use, or threatened use of violent force against the person of another is not a necessary element of Arkansas Code § 5-14-125(a)(3), the statute underlying his 2005 conviction, and that § 5-14-125(a)(3) proscribes a broader range of conduct than a forcible sex offense. We agree that Whitmire's 2005 conviction does not qualify as a crime of violence under the Guidelines, see Lofton v. United States, 920 F.3d 572, 575–76 (8th Cir. 2019) (abrogating United States v. Dawn, 685 F.3d 790 (8th Cir. 2012)), and we remand to the district court for resentencing in accordance with a corrected Guidelines calculation.[1]

## II.

Whitmire also argues that the district court erred in imposing a special condition of supervised release requiring him to participate in sex offender treatment because the condition is not related to the offense of conviction or the § 3553(a) factors.

We review the district court's imposition of a condition of supervised release for abuse of discretion. United States v. Mays, 993 F.3d 607, 620 (8th Cir. 2021). "District courts have broad discretion to impose special conditions, provided that

---

[1]Whitmire also argues that the district court procedurally erred because it made no mention of the 18 U.S.C. § 3553(a) sentencing factors and did not adequately explain its sentencing decision. Because we remand on other grounds, we do not reach this additional argument.

each condition 1) is reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a); 2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a); and 3) is consistent with any pertinent policy statements issued by the Sentencing Commission." United States v. Wright, 958 F.3d 693, 697 (8th Cir. 2020) (quoting United States v. Godfrey, 863 F.3d 1088, 1101 (8th Cir. 2017)); see also 18 U.S.C. § 3583(d). Thus, the condition must be "'reasonably related' to (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the deterrence of criminal conduct; (4) the protection of the public from further crimes of the defendant; and (5) the defendant's educational, vocational, medicinal, or other correctional needs." United States v. Muhlenbruch, 682 F.3d 1096, 1102 (8th Cir. 2012). "When crafting a special condition of supervised release, the district court must make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements." Wright, 958 F.3d at 697 (quoting United States v. Wiedower, 634 F.3d 490, 493 (8th Cir. 2011)).

On the record before us, it is not clear that the challenged condition is reasonably related to Whitmire's offense of conviction, the deterrence of criminal conduct, the protection of the public, or Whitmire's correctional needs. See United States v. Kempter, 29 F.4th 960, 968 (8th Cir. 2022) ("A district court is 'encouraged to provide an explanation of how the conditions satisfy the requirements of 18 U.S.C. § 3583(d), but where the basis for the special conditions can be discerned from the record, reversal is not required.'" (cleaned up) (quoting United States v. Simpson, 932 F.3d 1154, 1156 (8th Cir. 2019))). The district court acknowledged that Whitmire's sexual assault offense occurred in 2004 and that other than a reporting violation in 2009, there was no indication in the record that he had "any additional issues with sexual assault." The court also stated, "[Y]ou could argue that possession of a firearm had no impact on what [Whitmire] pled guilty to in 2004." But the court made few other findings "to ensure that the special condition satisfies the statutory requirements." Wright, 958 F.3d at 697 (quoting Wiedower, 634 F.3d at 493).

We leave Whitmire's objection to the special condition of supervised release for the district court to address on remand. At resentencing, the court will have the opportunity to make "the requisite individualized inquiry and make sufficient findings on the record if it decides to reimpose [this condition]." Mays, 993 F.3d at 621–22 (quotation omitted).[2]

We vacate Whitmire's sentence and remand for further proceedings.

_____

[2]As Whitmire points out, the district court orally stated that Whitmire would be required to undergo treatment only if, after an interview, "it's determined he needed some treatment"; otherwise, "he wouldn't have to undergo any treatment or any type of classes." The written statement of conditions, however, makes no mention of an initial interview. If the court reimposes the challenged condition, it may revisit any potential conflict between the written judgment and the oral announcement. If the court declines to reimpose the challenged condition, this issue would be moot.