# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2555
_____

United States of America,

*Plaintiff - Appellee,*

v.

Elijah Lindell Wires,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: May 16, 2025
Filed: August 1, 2025
_____

Before COLLOTON, Chief Judge, SMITH and SHEPHERD, Circuit Judges.
_____

COLLOTON, Chief Judge.

Elijah Wires pleaded guilty to unlawful possession of a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). At sentencing, in calculating an advisory guideline range, the

district court[*] determined that Wires's prior conviction for Iowa second-degree robbery qualified as a crime of violence under USSG § 2K2.1. The court then sentenced Wires to ninety-six months' imprisonment. Wires appeals the sentence, and we affirm.

After Wires pleaded guilty, the district court determined a base offense level of twenty-two under § 2K2.1(a)(3). The court concluded that Wires committed the offense of conviction after sustaining a prior conviction for a crime of violence. In 2021, Wires pleaded guilty to second-degree robbery in Iowa. *See* Iowa Code §§ 711.1, 711.3. The court concluded that Wires's robbery offense was a crime of violence because it required "the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a)(1). The court ultimately determined a guideline range of seventy-seven to ninety-six months' imprisonment and imposed a sentence at the top of the range.

On appeal, Wires argues that the district court miscalculated his guideline range because his robbery conviction does not qualify as a crime of violence. Iowa Code § 711.1 provides:

> 1. A person commits a robbery when, having the intent to commit a theft, the person does any of the following acts to assist or further the commission of the intended theft or the person's escape from the scene thereof with or without the stolen property:
>     a. Commits an assault upon another.
>     b. Threatens another with or purposely puts another in fear of immediate serious injury.
>     c. Threatens to commit immediately any forcible felony.

---

[*]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

Whether a violation of § 711.1 constitutes a crime of violence turns in part on whether the statute encompasses a single offense that can be committed by various means or multiple separate offenses. If the statute defines only a single, indivisible offense, then a violation would not qualify as a crime of violence, because some robberies by assault under § 711.1(1)(a) could be committed without using, attempting to use, or threatening to use violent force. *See* Iowa Code § 708.1(2)(a), (b); *Mumford v. United States*, 95 F.4th 545, 549-50 (8th Cir. 2019). But if the statute is divisible into alternative offenses, then a violation of § 711.1(1)(b) would qualify as a crime of violence, because it necessarily involves a threatened use of violent force.

We reaffirm that § 711.1 is divisible into alternative offenses. This court has explained that "the subsections of § 711.1 are alternative elements that define different crimes, rather than 'various factual ways of committing some component of the offense.'" *Golinveaux v. United States*, 915 F.3d 564, 570 (8th Cir. 2019) (quoting *Mathis v. United States*, 579 U.S. 500, 506 (2016)); *see Mumford*, 95 F.4th at 549. This conclusion draws support from *State v. Johnson*, 328 N.W.2d 918 (Iowa 1983), where the Iowa Supreme Court held that assault is a lesser included offense of § 711.1(1)(a) but not of § 711.1(1)(b), because assault is an element of § 711.1(1)(a) only. *Id.* at 920; *see also State v. Wilson*, 523 N.W.2d 440, 441 (Iowa 1994) ("The essential elements of the robbery offense are (1) intent to commit a theft, and (2) an assault in carrying out the intent to commit a theft.").

Wires maintains that *State v. Copenhaver*, 844 N.W.2d 442 (Iowa 2014), establishes that the subsections of § 711.1 are alternative means of committing the same crime. *Copenhaver* held that the unit of prosecution for robbery is the intent to commit a theft. *Id.* at 449. So if an offender intends to commit only one theft, then he commits only one robbery, even if he takes multiple actions enumerated in § 711.1. But "unit of prosecution" is conceptually distinct from elements of an offense. *Smith v. Garland*, No. 21-6278-AG, 2023 WL 7147426, at *3 (2d Cir. Oct. 31, 2023);

-3-

*United States v. Rentz*, 777 F.3d 1105, 1117-18 (10th Cir. 2015) (Matheson, J., concurring). *Copenhaver* may suggest that theft is an element of robbery, *see United States v. Brown*, 73 F.4th 1011, 1015 (8th Cir. 2023), but the decision does not enlighten as to whether the enumerated acts in § 711.1(a)-(c) are means or elements. In any event, *Copenhaver* was on the books when *Golinveaux* and *Mumford* were decided, and there is no intervening Iowa decision that would justify departure from our precedent. *See Neidenbach v. Amica Mut. Ins. Co.*, 842 F.3d 560, 566 (8th Cir. 2016).

Wires argues alternatively that even if § 711.1 is divisible, the record does not establish that he was convicted of a crime of violence. We review the district court's finding on this point for clear error. *United States v. Thornton*, 766 F.3d 875, 878 (8th Cir. 2014).

The district court concluded that Wires was convicted of violating § 711.1(1)(b). That subsection provides that an offender commits robbery if he "[t]hreatens another with or purposely puts another in fear of immediate serious injury." *Id.* The district court relied on Wires's admission in his plea agreement that "I threatened the victim with or purposely put the victim in fear of immediate serious injury." There is no dispute that a violation of § 711.1(1)(b) is a crime of violence. The statute requires either an explicit or implied threat of violent force. *See State v. Law*, 306 N.W.2d 756, 759 (Iowa 1981).

Wires argues, however, that the record shows only a conviction under Iowa Code § 711.1(1)(a). The written plea of guilty states that Wires was "charged with" second-degree robbery "in violation of Iowa Code § 711.1(1)(a)," and the order accepting Wires's guilty plea states that Wires pleaded guilty to "Robbery Second Degree in violation of 711.1(1)(a)." The sentencing order reports that Wires pleaded guilty to § 711.1(3), a subsection that does not exist, so the post-plea record does not clarify whether the conviction was based on § 711.1(1)(a) or (b).

Faced with conflicting evidence, the district court did not clearly err by relying on the factual basis set forth in the plea agreement. A guilty plea must be supported by a factual basis. Iowa R. Crim. P. 2.8(2)(b). Wires's factual admission tracks § 711.1(1)(b) and its requirement that the defendant threaten the victim or place the victim in fear of serious injury. There was thus a sufficient basis for the district court to find that Wires was convicted under § 711.1(1)(b) rather than § 711.1(1)(a).

The judgment of the district court is affirmed.

_____