United States Court of Appeals
For the Eighth Circuit
No. 24-3165

United States of America

*Plaintiff - Appellee*

v.

Jerome Deuntia Morris

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: February 9, 2026
Filed: May 27, 2026
[Unpublished]
_____

Before LOKEN, SMITH, and STRAS, Circuit Judges.
_____

PER CURIAM.

Jerome Morris challenges an enhancement he received for having "three previous convictions . . . for a violent felony." 18 U.S.C. § 924(e)(1). At issue is a conviction of second-degree sexual assault, which he committed through "sexual contact . . . by forcible compulsion." Ark. Code Ann. § 5-14-125(a)(1). As we have already concluded, this version of the crime is a "violent felony." *United States v.*

*Dawn*, 685 F.3d 790, 796, 797 n.5 (8th Cir. 2012) (holding that it "is necessarily a crime of violence," which overlaps with the "violent felony" definition (citation omitted)), *abrogated on other grounds by Lofton v. United States*, 920 F.3d 572, 575 (8th Cir. 2019).

For the first time on appeal, Morris argues that Arkansas's definition of "physical force," *see* Ark. Code Ann. § 5-14-101(2) (stating that "forcible compulsion" includes "physical force"), is overbroad. *Compare Strawhacker v. State*, 804 S.W.2d 720, 723 (Ark. 1991) (defining "physical force" as "*any* bodily impact, restraint or confinement, or the threat thereof" (emphasis added) (citation omitted)), *with Johnson v. United States*, 559 U.S. 133, 140 (2010) (requiring "*violent* force—that is, force capable of causing physical pain or injury to another person"). Despite the differences in wording, we conclude that *Dawn* necessarily means that any error in counting Morris's second-degree sexual-assault conviction could not have been plain. *See United States v. Solis*, 915 F.3d 1172, 1177 (8th Cir. 2019) ("Usually, for an error to be plain, it must be *in contravention of* either Supreme Court or *controlling circuit precedent*." (emphases added) (citation omitted)).

We accordingly affirm the judgment of the district court.[1]

_____

_____

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.